Howard A. Zeller, J.
The petition in this proceeding (brought under CPLR, art. 78) requests an order prohibiting the City Court of the City of Ithaca and the City Court Judge *74 from continuing to assume jurisdiction over a criminal contempt of court proceeding. (The City Prosecutor is not a necessary party to this proceeding and as to him this proceeding should be dismissed.) Petitioners are Ithaca Journal News, Inc., Eandall E. Shew, its managing editor and Patricia Nordheimer, one of its reporters. The corporation publishes a daily newspaper, the Ithaca Journal. The criminal contempt of court proceedings were instituted by an order signed by the City Court Judge directing the newspaper corporation and the two individuals to show cause why each should not be adjudged guilty of contempt of court and punished. On the return date of July 12, 1968 a motion was made to dismiss the contempt proceedings on several grounds. The City Judge denied this motion. (See Matter of Wiggins v. Ithaca Journal, 57 Misc 2d 356.) In his opinion the City Judge writes the newspaper and its editor and reporter “ willfully and knowingly flouted ” his lawful mandate (pp. 364, 365), but directed a hearing to be held before him on August 22,1968 to determine answers to five questions (pp. 365, 366). On August 16,1968 this proceeding in the nature of a writ of prohibition was commenced and the City Court of Ithaca was temporarily restrained by this court from further action in the criminal contempt matter until a determination had been reached in this article 78 proceeding.
The facts necessary for a decision in this proceeding are not in dispute.
Three lads were taken into custody by police officials on June 18, 1968 in connection with a reported theft of gasoline from a boat at a dock on the inlet to Cayuga Lake. Two were 16 years of age, the third under 16 years of age.
The morning of June 19 the two 16-year-old lads were brought before the City Court Judge on charges of petit larceny. Attorney Walter Wiggins appeared for one of the defendants, Attorney Michael Lo Pinto for the other, and City Prosecutor McHugh for the People. Present in the courtroom was Patricia Nordheimer, a reporter for the Ithaca Journal.
The following colloquy took place in open court:
“The Court: O.K. There’s two charges here involving minors and there’s a possibility that they will become Youthful Offender Treatment. In that event I wouldn’t want to prejudice their rights.
“ Mr. LoPinto: In that regard, Your Honor, I would like Your Honor to instruct the press not to print anything considering these minors.
“ The Court: Do you have any objection?
‘ ‘ Mr. McHugh: I certainly don’t.
*75 “ The Court: Maybe she doesn’t even know about the two cases.
“ Voice: (Court .Clerk) I understand she (the reporter) does.
“ The Court: Well, I won’t even mention the two cases in court, but it’s the direction of the Court that under Section 913 of the Code of Criminal Procedure that since there is a possibility that they will be disposed of as Youthful Offenders, it will be prejudicial under that law to reveal their identity or any contents of the charge.”
It should be noted that before giving his direction, the City Court Judge ascertained that the newspaper reporter had knowledge of “ the two cases ”.
The same afternoon the Ithaca Journal published a news article reading, in substance, that three youths had been taken into custody in connection with the reported theft of gasoline from a boat at a dock “ on the Inlet ”, printed the names and addresses of the two 16-year-old youths and stated the charges were for petit larceny. This article made no mention of any court proceedings nor the names of any attorneys. On the same page but as a separate article the following appeared:
‘ ‘ City Judge Richard Mulvey ordered withheld from the press today court proceedings of a case he did not identify involving youths represented by attorneys Michael LoPinto and Walter Wiggins. LoPinto asked for the treatment and Wiggins and City Prosecutor Matthew McHugh concurred.
‘1 Mulvey ordered secrecy of the court records under Sec. 913e of the Code of Criminal Procedure. Mulvey said the case was •one in which Youthful Offender consideration might be given, he and the others then went into his chambers. ’ ’
In City Court the next day Attorney Wiggins orally moved to have the Ithaca Journal and any person associated with the publication of the names of the two sixteen-year-old youths held in contempt of court. Attorney LoPinto and City Prosecutor McHugh concurred. The City Court Judge then directed that word be sent to the Ithaca Journal to have its attorney appear so that the matter could be taken care of “ right now ”.' The attorney did appear and, after some discussion, an adjournment was granted.
Later, Attorney Wiggins submitted an affidavit requesting the Ithaca Journal News, Inc., be held in contempt. The affidavit of Attorney Wiggins states that during the hearing before the City Court Judge on June 18 the Court Clerk advised the Judge that the Ithaca Journal reporter had already obtained the names of the two 16-year-old youths. The City Court Judge *76 thereafter issued the show cause order directed to the three petitioners herein.
In proceedings respecting youthful offenders a “ youth ” is a minor who has reached the age of 16 years hut has not reached the age of 19 years. (Code Crim. Pro., § 913-e.)
Section 913-f of the Code of .Criminal Procedure provides: “ In any case where a grand jury has found an indictment, or where an information has been laid charging the defendant with the commission of a misdemeanor, and where it shall appear that the defendant is a youth, upon a statement by the district attorney to the court to which the indictment has been returned, or in which the information was laid, that a recommendation will be made to investigate such defendant for the purpose of determining whether he is eligible to be adjudged a youthful offender, the court shall, but only as to the public, order such indictment or information to be filed as a sealed indictment or information. The court on its own motion may, but only as to the public, order the indictment or information sealed in the case of a youth charged with crime.’’’
The information referred to in Section 913-f is the formal written allegation made to a Magistrate that a person has been guilty of some designated crime. (Code Crim. Pro., § 145.)
Although the language used was not precise, it shall be assumed that the colloquy in City Court on June 19 constituted an order sealing the formal written information. It shall further be assumed that the City Court Judge clearly ordered the newspaper reporter not to reveal the identity of the two youths or the charges against them. Does a Magistrate upon sealing the formal written information have the authority to order the news media to refrain from publishing facts it had obtained prior to the sealing of such formal written information? If a Magistrate does issue such an order is it a lawful mandate, the violation of which constitutes criminal contempt of court? The answer to each question.is no.
The Legislature has not provided that names of “ youths ” arrested for a crime be concealed from the public. The shield of privacy applies to youthful offender proceedings only after the formal written information (or indictment) has been sealed or after the court has decreed the proceedings be private. (Code Crim. Pro., §§ 913-f, 913-k.)
When the Legislature deemed it desirable to have the fact of arrest of a young person and the charge against him withheld from the public it has used plain and explicit language. It did so in cases of juvenile delinquency charges. A juvenile delinquent is “ a person over seven and less than sixteen years of age *77 who does any act which, if done by an adult, would constitute a crime”. (Family Ct. Act, § 712, subd [a].) All police records relating to the arrest of a person charged with being a ¡juvenile delinquent ‘ ‘ shall be withheld from public inspection ’ \ (Family Ct. Act, § 784.) With an exception not here pertinent, Family Court has exclusive original jurisdiction over any proceeding involving an alleged juvenile delinquent. (Family Ct. Act, § 713.) “ The records of any proceeding in family court shall not be open to indiscriminate public inspection ”. (Family Ct. Act, § 166.)
The Legislature has expressed the public policy of this State concerning publicity pertaining to both juvenile delinquency charges and misdemeanor charges against “ youths ”. As to a person charged with being a “ juvenile delinquent ” publicity shall be withheld from the time the first official record is made. (The Ithaca Journal properly thus did not publish the name of the lad under 16 years of age allegedly involved in the theft.) As to a “ youth ” charged with a misdemeanor the curtain of privacy descends only after a court has ordered the information or indictment sealed.
In attempting to have the names of these two 16-year-old youths kept secret in all particulars from the public, the City Court Judge believed he was acting for the best interests of the youths. But he acted in excess of his authority. He was authorized by the Legislature to order the “information” — the written allegation that a person has committed a crime —sealed. He was authorized by the Legislature to keep the court proceedings involving possible youthful offenders private. (Code Crim. Pro., § 913-k.) But the Legislature has not authorized a Magistrate to direct a representative of the news media to conceal the identity of a “ youth ’ ’ arrested for a misdemeanor when that fact is known before the formal written information has been ordered sealed. Whether any such legislation, if adopted, would be a violation of the freedom of press guaranties of the United States and State Constitutions need not be considered here.
The City Court Judge claims that his court possesses the power to punish a person who is guilty of willful disobedience to its lawful mandate. (Judiciary Law, § 750; Uniform City Court Act [UCCA], § 210.) That is correct. He argues that a writ of prohibition may only be granted if the City Court does not have jurisdiction over the contempt proceeding. However, a writ of prohibition, in certain instances, may issue to restrain a lower court from exceeding its authorized powers in a proceeding over which it has jurisdiction. “It is not available ordinarily as a method of premature appeal. Nevertheless, *78 where the lower court is exceeding its jurisdiction and the writ or order furnishes a more effective remedy, it may be availed of although the error might be corrected by appeal ”. (Matter of Hogan v. Court of General Sessions, 296 N. Y. 1, 9.) In this case, the Ithaca City Court goes beyond its authorized powers in the criminal contempt proceedings. The mandate, insofar as it directs that the fact of arrests and names of the two youths arrested be not published, is not a lawful mandate.
The City Court Judge in his opinion cites Sheppard v. Maxwell (384 U. S. 333), where Associate Justice Clark criticized the Judge who had presided at the murder trial of Doctor Sheppard for not imposing stricter control over the news media. The public circus atmosphere prevalent in the Sheppard case in no way can be equated to the newspaper article in this case.
The City Court Judge in his opinion also refers to the American Bar Association’s Reardon Report. One of its most controversial recommendations is that Judges bring contempt of court citations against newsmen who publish material ‘1 wilfully designed ” to influence a trial’s outcome. A more recent report of a committee of the Judicial Conference of the United States headed by United States Court of Appeals Judge Irving Kaufman omits such recommendation from its report. In the first place, these are reports and recommendations and not law. In the second place, the publication of the names and addresses of the two youths arrested was not “wilfully designed” to influence the outcome of their trial.
The directive issued by the City Court Judge to the newspaper reporter under the circumstances of this case was not a lawful mandate with regard to suppressing reporting of the facts of the arrests. The published article reporting the public court proceedings determining that two youths, unnamed, might be treated as youthful offenders for undisclosed offenses did not violate the court directive or the law. In attempting to hold the newspaper reporter, the newspaper corporation, and its managing editor in criminal contempt of court, the City Court is exceeding its authorized powers. Because the nature of this case involves an aspect of freedom of the press a writ of prohibition will furnish a more effective remedy than an appeal after completion of the criminal contempt proceedings.
Hence, the City Court of Ithaca and the City Court Judge should be prohibited, enjoined and restrained from continuing to assume any jurisdiction and from taking any further action in the criminal contempt of court proceedings against Ithaca Journal 'News, Inc., Randall E. Shew and Patricia Nordheimer.