■ ANGELINA SINICROPI, Appellant, v COUNTY OF NASSAU, Respondent. —In a proceeding pursuant to CPLR article 78 to review the denial by the respondent County of Nassau of access to certain records of a disciplinary proceeding, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered June 21, 1979, which dismissed the petition. Judg-

ment affirmed, without costs or disbursements. In this proceeding brought under New York's Freedom of Information Law (Public Officers Law, §§ 84-90), petitioner seeks additional material from the disciplinary records of Delcie Roberts. Special Term, having reviewed the file, *in camera,* rejected her request and dismissed the petition holding that the documents requested were exempt from disclosure under section 87 (subd 2, par [g]) of the Public Officers Law. We agree. In *Matter of McAulay v Board of Educ.* (61 AD2d 1048, affd 48 NY2d 659), this court denied petitioner access to documents prepared by or for a hearing panel which heard her appeal from an unsatisfactory rating. We held that the documents were not final agency determinations or policy but were predecisional material prepared to assist an agency decision maker (there, the Chancellor) in arriving at his decision. Access was denied because disclosure of those documents might not only have impinged upon the agency's predecisional process, but would affirmatively have misled the public into believing that the ultimate decision was in fact based upon those materials. The rationale expressed in *McAulay* supports a similar determination at bar. The materials remaining in the file consist of intra-agency memoranda concerning the investigation of Mrs. Roberts' performance as a probation officer, notes and communications made in preparation of her hearing and the transcript of the hearing. These materials are predecisional intra-agency memoranda that are not reflective of final agency policy or determinations and, as such, are exempt from disclosure (see Public Officers Law, § 87, subd 2, par [g], cl iii; *Matter of McAulay v Board of Educ., supra).* Petitioner was given access to the charges preferred against Mrs. Roberts, her answer, the demand and bill of particulars and the stipulation of settlement. Further disclosure is unnecessary and would be improper. Titone, J. P., Lazer, Gibbons, Cohalan and Margett, JJ., concur.