■ In the Matter of RICHARD B. et al., Children Alleged to be Abandoned. SHIRLEY HARVEY-COOK, as Commissioner of Orange County Department of Social Services, Appellant; BRENDA B. et al., Respondents. — Appeal by petitioner, the Commissioner of the Department of Social Services of Orange County, from so much of an order of the Family Court, Orange County (Mazzeo, J.), dated May 15, 1981, as, after a hearing, adjudged that the children in question were not abandoned children under section 384-b (subd 5, pars [a], [b]) of the Social Services Law. Order affirmed, insofar as appealed from, without costs or disbursements. The petitioner failed to meet the burden of proof required for the termination of parental rights. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.

■ In the Matter of RICHARD SCHUMATE, Respondent, v CLARK WILSON, as Director of Temporary Release Program, Department of Correctional Services, Appellant. — In a proceeding pursuant to CPLR article 78 to compel the Director of the Temporary Release Program, Department of Correctional Services, to comply with petitioner's request for certain specified information pursuant to section 89 (subd 4, par [b]) of the Public Officers Law, the appeal is from a judgment of the Supreme Court, Westchester County (Wood, J.), dated September 16, 1981, which granted the application. Judgment modified, on the law, by deleting therefrom the provision which directed that petitioner is entitled to "'copies of records on which final determination was made, in Central Office, minutes, recommendations, decision'". As so modified, judgment affirmed, without costs or disbursements. Following appellant's denial of petitioner's request for a furlough from Ossining Correctional Facility, despite apparent initial approval by the temporary release committee (TRC), petitioner commenced the instant proceeding seeking (1) transcripts of his TRC hearing; (2) copies of records on which the final determination was made; and (3) the temporary release manual of rules and regulations. Special Term found that there were no minutes of the hearing but ordered compliance with the second and third requests. Appellant has apparently supplied petitioner with a copy of the manual. We hold, however, that Special Term should not have ordered disclosure of the "'copies of records on which final determination was made, in Central Office, minutes, recommendations, decision'". These are intra-agency materials which are exempt from the disclosure provisions of the Freedom of Information Law (Public Officers Law, § 87, subd 2, par [g]; see *Sinicropi v County of Nassau,* 76 AD2d 832; *Matter of McAulay v Board of Educ.,* 61 AD2d 1048, affd 48 NY2d 659). Damiani, J. P., Gulotta, O'Connor and Brown, JJ., concur.