OPINION OF THE COURT
Chief Judge Cooke.
An unemployment insurance hearing is presumed to be open, and may not be closed to the public unless there is demonstrated a compelling reason for closure and only after the affected members of the news media are given an opportunity to be heard. Although section 537 of the Labor Law prohibits the disclosure of certain information obtained by the Department of Labor from employees and employers, it does not provide a basis for closing the hearing itself.
This matter arose out of the resignations of two lawyers employed by the State Attorney-General in connection with an investigation of alleged political corruption in the Syracuse area. In resigning, the attorneys stated that their continued employment would violate the Code of Professional Responsibility. The actions received widespread news coverage. The two men subsequently applied for unemployment insurance compensation, but were denied benefits. They then sought a hearing before a referee pursuant to section 620 of the Labor Law.
*381 When the hearing convened on May 4, 1981, the administrative law judge granted the two attorneys’ motion to close the hearing. Petitioner’s reporter requested a brief delay to permit petitioner’s counsel to appear and be heard in opposition to closure, but the administrative law judge denied the request and directed that representatives of the media be barred from the hearing room. Proceedings were then held behind closed doors. Before any decision on the lawyers’ unemployment compensation applications was issued, the determination denying benefits was withdrawn and the applications for benefits were granted. A request by petitioner for a transcript of the May 4 hearing was rejected.
Petitioner then brought this article 78 proceeding, seeking vacatur of the order of closure and access to the transcript. Special Term dismissed the petition (115 Misc 2d 426), but the Appellate Division reversed and granted the petition to the extent of directing that petitioner be furnished with a copy of the transcript (89 AD2d 224). This court now affirms.
As a preliminary matter, it is noted that the unemployment compensation hearing has been completed, and the petition is therefore technically moot insofar as it challenges closure of that hearing. Nonetheless, the significance of the issue involved, its likelihood of recurrence, and “the fact that orders of this nature quickly expire and thus typically evade review” dictate that this court address the issue (Matter of Westchester Rockland Newspapers v Leggett, 48 NY2d 430, 437). With respect to petitioner’s request for a transcript of the hearing, the proceeding clearly is not moot.
Turning to the merits, the issue presented is whether there is any basis for setting aside the strong public policy in this State of public access to judicial and administrative proceedings.* This policy has found expression through legislative language in a variety of contexts (see, e.g., Judiciary Law, § 4; Public Officers Law, §§ 84, 95). Where the Legislature has chosen to temper or abrogate the *382 presumption of openness, it has done so in specific language (see, e.g., Judiciary Law, § 4; Public Officers Law, § 103), and these exceptions have been strictly construed by the courts (see People v Jelke, 308 NY 56, 65).
The administrative law judge, appealing, contends that just such an exception was created by section 537 of the Labor Law. In relevant part, subdivision 1 of section 537 provides that “[information acquired from employers or employees pursuant to this article shall be for the exclusive use and information of the commissioner in the discharge of his duties hereunder and shall not be open to the public nor be used in any court in any action or proceeding pending therein unless the commissioner is a party to such action or proceeding, notwithstanding any other provisions of law.” Subdivision 2 makes it a misdemeanor for any officer or employee of the State to disclose such information “without authority of the commissioner or as otherwise required by law”.
Section 537 does not require closure of hearings at which claimants present their cases for unemployment benefits. The section must be read in context with the other provisions of the unemployment insurance program as set forth in article 18 of the Labor Law. That article authorizes the commissioner to obtain comprehensive data from employers regarding such matters as the number of employees and their salaries, and to obtain information from claimants regarding their employment and earnings (see Labor Law, § 575; 12 NYCRR parts 472, 473). To protect against the unauthorized dissemination of data gathered under these reporting provisions, section 537 restricts disclosure of information “acquired from employers or employees pursuant to this article.”
That section 537 concerns only disclosure of information acquired through the reporting requirements of article 18, and not closure of hearings, is emphasized by the language of the provisions dealing with hearings. Section 622 and the regulation promulgated thereunder (12 NYCRR 461.4) set forth in some detail the procedures and rules to be followed at such hearings, yet neither mentions closure. In light of the failure of either the Legislature or the commissioner to provide for closing unemployment compensation *383 hearings, it would be inappropriate to read into section 537 a blanket order of closure. Moreover, this conclusion is consistent with the position of the Department of Labor on this appeal that it had no objection to the presence of the press at the hearing, as well as with the long-standing position of the Attorney-General (1959 Opns Atty Gen 80).
Appellant argues, however, that without closure of unemployment hearings, claimants would be subjected to potentially serious embarrassment through revelation of such problems as alcoholism, mental illness, or family disintegration. To the extent that such compelling reasons may exist for making certain information confidential, however, less drastic remedies than closing a hearing in its entirety exist. Although an unemployment compensation hearing is not a criminal judicial proceeding, the procedures outlined with respect to such proceedings are apt (see Matter of Westchester Rockland Newspapers v Leggett, 48 NY2d 430, 442, supra). When a claimant or employer requests closure of an unemployment compensation hearing during the presentation of certain evidence, he or she must demonstrate that a compelling reason exists for such closure. The court does not have occasion here to catalogue the possible reasons justifying closure, other than to note that a presumption of open hearings does not provide a license to publicize the intimate details of claimants’ private lives. If the administrative law judge does find a compelling reason for closure, such reason shall be stated on the public record in as much detail as would be consistent with the reason for closure. And, equally important, no hearing should be closed before affected members of the news media are given an opportunity to be heard “in a preliminary proceeding adequate to determine the magnitude of any genuine public interest” in the matter (Matter of Gannett Co. v De Pasquale, 43 NY2d 370, 381, affd 443 US 368).
Appellant nonetheless argues that, on the specific facts of this case, closure was required because the claimants’ reasons for leaving their employment involved Grand Jury matters that were the subject of an order issued by a Supreme Court Justice. The Justice permanently prohibited any disclosure of matters relating to evidence, witness, *384 decisions, or discussions regarding the Grand Jury investigation of corruption, unless authorized by law to do otherwise. The order did not require closure of the administrative hearing. It covered only matters relating to the Grand Jury investigation with which claimants were involved. Merely because some of the testimony before the unemployment compensation hearing might touch on matters relating to the Grand Jury, however, did not justify closing the entire hearing or withholding a transcript of the remaining portions of the unemployment insurance hearing.
In conclusion, the administrative law judge erred in closing the hearing without first allowing petitioner an opportunity to be heard and without conducting an examination into whether compelling reasons existed for closure of any portion of the hearing. Petitioner, therefore, is entitled to a transcript of the hearing. Inasmuch as no examination was conducted at the time into the reasons for barring public access to specific portions of the testimony, however, the affected parties should be given an opportunity to make such a showing, if they so desire.
Accordingly, the order of the Appellate Division should be affirmed, with costs, without prejudice to an application for redaction of the hearing minutes.
Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order affirmed, etc.

 On this appeal, petitioner asserts that the closure order violated the First Amendment. Inasmuch as this constitutional claim was not raised at the trial level, this court will not now consider it.