Hon. Gordon M. Ambach Commissioner New York State Department of Education
Your counsel has asked whether information contained in final disciplinary determinations against professionals licensed by the Education Department is public information under the Freedom of Information Law.
This question has been raised at the request of the National Clearinghouse on Licensure, Enforcement and Regulations (CLEAR), a not-for-profit corporation affiliated with the Council of State Governments. CLEAR proposes to establish a reporting system known as The National Disciplinary Information System (NDIS), through which information on professional disciplinary actions will be shared by member states. NDIS would act as a conduit through which lists of final disciplinary determinations taken against state licensed professionals would periodically be disseminated to participating state licensing agencies. The information on these lists would include the professional's name and birthdate, as well as the date and type of disciplinary action taken against him or her, and the name of the disciplining state authority.
In our opinion, information contained in final disciplinary determinations against state licensed professionals is public information (Public Officers Law, § 87[2]). The Freedom of Information Law establishes a general policy of disclosure of all agency records, except for eight specific and narrowly construed instances in which disclosure may be denied (Matter of Fink v Lefkowitz, 47 N.Y.2d 567, 571 [1979]). In disciplinary actions, predicisional material may be withheld (Sinicropi vCounty of Nassau, 76 A.D.2d 832 [2d Dept, 1980], mot for lv to app den51 N.Y.2d 704 [1980]). However, an agency may not deny public access to final agency determinations (Public Officers Law, § 87[2][g][iii]). Therefore, a final disciplinary determination against a state licensed professional is public information which may be made available to CLEAR. We believe that the person's name, birthdate, disciplinary action taken, and the identity of the disciplining agency can be made available as components of the final agency determination.
You also ask whether the State would indemnify the Council of State Governments should its publication of final disciplinary actions result in a libel suit. The scope and conditions for indemnification by the State have been defined by law and we are unaware of any provision that would authorize indemnification under these circumstances (Public Officers Law, §§ 17, 18 and 19).
We conclude that records of final disciplinary determinations against professionals licensed by the Education Department are public information under the Freedom of Information Law.