■ In the Matter of HERALD COMPANY, INC., Respondent, v BOARD OF PAROLE OF THE STATE OF NEW YORK et al., Appellants. (Appeal No. 1.)—Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: We agree with Special Term that parole revocation hearings are presumptively open to the public under the doctrine enunciated in *Matter of Herald Co. v Weisenberg* (59 NY2d 378). We find no specific statutory language requiring closure of such hearings. The statutes and regulations referred to by respondents, providing for confidentiality of records, are not unlike the statute applicable in *Weisenberg.* Although the statutes provide for confidentiality of case records, there is no specific mention of closure of hearings, and it would, therefore, be inappropriate to read into these sections a blanket order of closure *(Matter of Herald Co. v Weisenberg, supra,* pp 382-383). In view of this determination, we have no occasion to address petitioner's claim of a 1st Amendment right of access. Finally, we note that the petition sought relief in the nature of a declaration with respect to respondent's policies in the future and the judgment grants such relief. Accordingly, we exercise our discretion and convert the matter to a declaratory judgment action (CPLR 103 [b]; *see, e.g., Matter of Allies Blvd. Book Store v Cohen,* 90 AD2d 935; *92-07 Rest. v New York State Liq. Auth.,* 80 AD2d 603). (Appeal from judgment of Supreme Court, Onondaga County, Grow, J.—art 78.) Present—Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ. *[See,* 131 Misc 2d 36.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FIELHAUER, Appellant.—Judgment unanimously affirmed. Memorandum: Having failed before the sentencing court to controvert the second felony offender statement on the ground that the prior conviction was unconstitutionally obtained, defendant is precluded from raising that issue on appeal *(see,* CPL 400.21 [7] [b]; *People v Mumit,* 106 AD2d 411). (Appeal from judgment of Genesee County Court, Morton, J.—criminal possession of weapon, third degree.) Present—Callahan, J. P., Boomer, Green, Balio and Lawton, JJ.