In the Matter of CAPITAL NEWSPAPERS DIVISION OF THE HEARST CORPORATION, Petitioner, v G. THOMAS MOYNIHAN, as Acting Judge of County Court of Saratoga County, et al., Respondents. (Proceeding No. 1.)

In the Matter of CAPITAL NEWSPAPERS DIVISION OF THE HEARST CORPORATION, Petitioner, v JOHN G. TURNER, JR., as Judge of the County Court of the County of Albany, et al., Respondents. (Proceeding No. 2.)

Third Department, February 19, 1987

## APPEARANCES OF COUNSEL

*O'Connell & Aronowitz (Thomas F. Gleason, Peter L. Danziger* and *James E. Girvin* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Martin A. Hotvet* and *Nancy A. Spiegel* of counsel), for G. Thomas Moynihan and another, respondents.

*Rutnik & Rutnik (James E. Banagan* of counsel), for Arianne P. Damascos, respondent.

## OPINION OF THE COURT

MIKOLL, J.

Proceeding No. 1 involves Dawn Cruickshank, who was convicted of manslaughter in the first degree. She was sentenced to 2⅓ to 7 years' imprisonment. This court vacated the conviction and, as a matter of discretion, found Cruickshank to be a youthful offender. The case was remitted to the County Court of Saratoga County to "fix a reasonable definite term of incarceration along with a probationary period which includes the necessary counseling" *(People v Cruickshank,* 105 AD2d 325, 336). The Court of Appeals affirmed *(People v Dawn Marie C.,* 67 NY2d 625). Respondent G. Thomas Moynihan, Saratoga County Judge, conducted a closed resentencing hearing upon remittal. No motion was made for closure in open court nor was petitioner offered an opportunity to be heard on whether the resentencing proceedings should be open to the press or public. It also was not given a transcript of the proceedings. Petitioner commenced proceeding No. 1 in this court to com-

pel respondent Moynihan to release that part of the resentencing transcript which sets forth Cruickshank's sentence or to provide notice of that sentence and to declare that the closure of the proceedings was illegal.

Proceeding No. 2 concerns the sentencing of four persons who pleaded guilty in Albany County Court to the crime of arson in the second degree. Each defendant requested youthful offender status and closure of subsequent proceedings. The People opposed these motions in three of the cases. Respondent John G. Turner, Jr., Albany County Judge, granted youthful offender status in all four matters and, in his decisions, stated that once a youthful offender "adjudication" was made CPL 720.35 operated so that further proceedings could be held in private. Upon finding such person to be a youthful offender in open court, respondent Turner adjourned each case for sentencing proceedings to be held in his chambers in private. No opportunity was afforded the People to oppose the youthful offender motions in open court.* Petitioner commenced proceeding No. 2 in this court to compel respondent Turner to provide that part of the sentencing transcripts which set forth the sentences or to provide notice to petitioner of those sentences, and for a declaration that respondent Turner acted illegally in closing the sentencing proceedings.

Respondents Turner and Moynihan (hereinafter respondents) erred in closing the sentencing proceedings in each case without first holding a hearing as to whether closure was necessary. Respondents should have followed the procedures set forth in *Matter of Westchester Rockland Newspapers v Leggett* (48 NY2d 430). Respondents should further disclose the sentences pronounced against the defendants in the underlying cases. However, petitioner's request to release portions of the sentencing transcripts should be denied.

Petitioner's contention that CPL article 720, dealing with youthful offender procedures, does not require closure is correct. The sealing provisions of CPL 720.35 (2), which require that all official records and papers relating to a youth adjudicated a youthful offender be confidential and not made available except in specific cases, do not require that the proceedings be closed. These sealing requirements operate only upon

---

* The Albany County District Attorney commenced a separate proceeding challenging the failure to afford him an opportunity to oppose youthful offender status in open court in these cases *(see, Matter of Greenberg v Turner, —* AD2d — [decided herewith]).

a youthful offender adjudication. CPL 720.10 (6) defines a youthful offender adjudication as being "comprised of a youthful offender finding and the youthful offender sentence imposed thereon" and that such adjudication "is completed by imposition and entry of the youthful offender sentence". Thus, since there had been no sentencing prior to closure in the cases underlying these proceedings, CPL 720.35 (2) did not come into operation. CPL 720.35 (2), which provides that all official records and papers "are * * * not [to] be made available", does not require the exclusion of the press and public from proceedings. The proceedings themselves are generally open to the public (see, Levine, *The Youthful Offender under the New York Criminal Procedure Law,* 36 Alb L Rev 241, 255).

CPL 720.15 (2) authorizes closure in youthful offender proceedings and is applicable in the cases at bar. CPL 720.15 (3) provides, *inter alia,* that when a felony charge is pending, closure is not authorized. This section was enacted to subject *"felony* offenders potentially treatable as youthful offenders * * * to the full glare and publicity of adult felony offenders" (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 720.15, p 226; emphasis in original). This suggests that the Legislature concluded that felonies are serious crimes to be dealt with in the public arena until such time as youthful offender status is granted. Once such status is found, which occurs upon or after conviction (CPL 720.20 [1]), the youth is a youthful offender, not a felon, so that discretionary closure provisions again apply.

The question of whether CPL 720.15 (2), which states that a trial court may close a hearing in its discretion, authorizes an automatic closure must be considered in the light of Federal and State case law.

The United States Supreme Court has concluded that there is both a 1st and 6th Amendment right to open criminal trials and related preliminary hearings (see, e.g., *Press-Enterprise Co. v Superior Ct. of Cal. II,* 478 US —, 92 L Ed 2d 1). This right is grounded upon the fact that such proceedings are traditionally open, as well as the role played by the presence of the public; to enhance the quality and safeguard the integrity of the system; foster the appearance of fairness; and serve a therapeutic value by giving the public an outlet for the emotional need to punish offenders (supra; see, *Press-Enterprise Co. v Superior Ct. of Cal. I,* 464 US 501; *Globe Newspaper Co. v Superior Ct.,* 457 US 596; *Richmond Newspapers v*

*Virginia,* 448 US 555). The Supreme Court, while it apparently has not had the issue directly before it, has indicated that its holdings do apply to civil matters *(Richmond Newspapers v Virginia, supra,* p 580, n 17). Our Court of Appeals has also recognized that New York proceedings are presumptively open, and has explicitly extended this right to all proceedings in New York courts, criminal and civil *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430, *supra).* A motion for closure must be made in open court, the person seeking closure must show compelling reasons for it, affected members of the media should be given the opportunity to be heard, and reasons for closure should be given in open court *(see, Matter of Herald Co. v Weisenberg,* 59 NY2d 378; *Matter of Westchester Rockland Newspapers v Leggett, supra; Matter of Gannett Co. v De Pasquale,* 43 NY2d 370, 381, *affd* 443 US 368). These procedures, at least as far as requiring a motion in open court and a statement in open court of the reasons for closure, are to be followed even where a statute indicates that a court "may" close proceedings, such as Judiciary Law § 4 *(Matter of Westchester Rockland Newspapers v Leggett, supra,* p 442) and CPL 180.60 (9) (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 180.60, p 142).

In the cases at bar, the procedures set forth in *Westchester Rockland Newspapers (supra)* have not been followed.

MAHONEY, P. J. (dissenting). In my view, respondent County Judges did not err in closing the proceedings after the individuals were found to be youthful offenders. CPL 720.15 (2) provides that, when a youth is arraigned, the trial court may, in its discretion, close the arraignment and all further proceedings. This discretionary closure is unavailable "in connection with a pending charge of committing any felony" (CPL 720.15 [3]).* This statute must be read in connection with CPL 720.35 (2), which mandates that "all official records and papers, whether on file with the court, a police agency or the division of criminal justice services, relating to a case involving a youth who has been adjudicated a youthful offender, are confidential and may not be made available to any person or

---

* Even where discretionary closure is unavailable, the proceeding is not automatically open, but presumptively open, as are criminal proceedings generally *(see, Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430, 438). After proper procedures are followed, if a compelling reason is found such proceedings may be closed *(supra,* at p 442).

public or private agency". The majority concludes that the "youthful offender adjudication" takes place, not when the trial court grants youthful offender status, but later, when the youthful offender sentence is imposed. Indeed, the majority reasons that, once sentence is imposed on a youthful offender, the statutory prohibition against closure where a felony is charged (CPL 720.15 [3]) is no longer operative since the offender is no longer a felon. While this analysis may be supported by a technical reading of the definitions of youthful offender finding, sentence and adjudication (CPL 720.10 [4], [5], [6]), it does not do justice to the purpose of the closure and sealing provisions of the statute. For example, it is doubtful whether any purpose is served in closing "further proceedings" after the sentence is imposed. What further proceedings are contemplated? Also, there is little reason to seal the records of a sentencing hearing after sentence is imposed in a proceeding open to the public.

Statutes should not be interpreted in a manner which would render them meaningless *(see, Grich v Wood & Hyde Leather Co.,* 74 AD2d 183, 184). In my view, the closure and sealing provisions of the statute make sense only if interpreted so as to have them triggered by the youthful offender finding. Until that point, the proceedings should be presumptively open to the public since the court may deny youthful offender status, resulting in conviction as an adult. During such time, the Legislature has indicated its intent that felony offenders be "subject to the full glare and publicity of adult felony offenders" (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 720.15, p 226). Once the youthful offender adjudication has been made, the confidentiality features attach *(see, ibid.).* All of the analysis and reasoning in determining whether the circumstances warrant that the youth be relieved of the criminal conviction is part of the youthful offender finding, not the imposition of the sentence. Accordingly, after youthful offender status is granted by virtue of a youthful offender finding, the trial court may, in its discretion, close further proceedings, including sentencing. Such discretion was not abused in these cases.

Even assuming that the sentencing proceedings involved herein were not required to be closed, the relief granted by the majority is improper. If these proceedings are treated like other criminal proceedings, they are not absolutely open to the public, but are presumptively open to the public *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 715; *Matter of*

*Westchester Rockland Newspapers v Leggett,* 48 NY2d 430, 438). After the appropriate motion is made and a hearing held, the trial court may, if it finds compelling reasons, exercise its discretion and close the hearing *(see, Matter of Herald Co. v Weisenberg,* 59 NY2d 378, 383; *Matter of Westchester Rockland Newspapers v Leggett, supra,* p 442). It has consistently been held that, while a CPLR article 78 proceeding in the nature of mandamus to compel can be used to compel performance of a ministerial act, it cannot be used to compel performance of a discretionary act *(see, Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 96; *Matter of Kupersmith v Public Health Council,* 101 AD2d 918, 919, *affd* 63 NY2d 904). Even where an agency is required by law to act, if such action involves a matter of discretion, mandamus may be available to compel the agency to act, but may not be used to compel the agency to act in a particular manner substantively favorable to the petitioner *(supra).*

In the instant proceedings, even if the majority is correct in concluding that the discretionary closure provisions of CPL article 720 do not apply to these sentencing hearings, it does not necessarily follow that they were required to be open. Assuming that respondent County Judges were required to have followed the procedures outlined in *Leggett (supra),* this court should not presume that they would have exercised their discretion by finding no compelling reason for closure and, thus, would have held the proceedings in open court. While this court has the authority to declare that respondent Trial Judges erred in not following the *Leggett* procedures, and perhaps could order them to follow such procedures and determine whether the sentencing transcripts should be turned over to petitioner, it is without authority to order them to exercise their discretion in a manner favorable to petitioner by ordering them to disclose to petitioner the sentences.

KANE and HARVEY, JJ., concur with MIKOLL, J.; MAHONEY, P. J., and WEISS, J., dissent in an opinion by MAHONEY, P. J.

Petitions granted, without costs, to the extent it is declared that respondents Moynihan and Turner erred in failing to follow the procedures set forth in *Matter of Westchester Rockland Newspapers v Leggett* (48 NY2d 430, *supra),* and it is ordered that said respondents disclose the sentence pronounced in the cases over which they presided which are the subject of these proceedings.