In the Matter of the HERALD COMPANY et al., Petitioners, v JAMES C. TORMEY, III, Individually and as a Judge of the City Court of the City of Syracuse, et al., Respondents.

Supreme Court, Onondaga County, February 1, 1989

## APPEARANCES OF COUNSEL

*Bond, Schoeneck & King (Edward Ryan Conan* of counsel), for petitioners. *Robert Abrams, Attorney-General (Ellen Ethas Ferlo* of counsel), for James C. Tormey, III, respondent. *Eric M. Alderman* for John Doe, respondent.

## OPINION OF THE COURT

THOMAS J. LOWERY, J.

In this CPLR article 78 proceeding, the petitioners seek a judgment vacating an order of the Honorable James C. Tormey, III made pursuant to CPL 720.15 wherein he sealed the accusatory instrument of an individual eligible for youthful offender status and ordered that the arraignment and all further proceedings be conducted in private.

The proceeding is in the nature of prohibition. "Prohibition is an extraordinary remedy, available at best only as a matter of judicial discretion and not as a matter of right." (Siegel, NY Prac § 559; *Matter of Di Lorenzo v Murtagh,* 36 NY2d 306.) It is related to want of jurisdiction, or an exercise of power so excessive to be equivalent thereto. *(Matter of Ithaca Journal News v City Ct.,* 58 Misc 2d 73.)

The individual eligible for youthful offender status has been charged with a misdemeanor stemming from an incident which occurred at Syracuse University on December 10, 1988 and which involved several members of the basketball and football teams. The incident was widely publicized and commanded national attention.

On December 21, 1988, the individual eligible for youthful offender status appeared for arraignment before the Honorable James C. Tormey, III. The initial appearance was made in open court. At that time, the youth was represented by attorneys Michael Harris and Eric Alderman. The petitioner was represented by its attorneys Bond, Schoeneck & King, Edward Ryan Conan, of counsel. The People stipulated that the youth was under the age of 18 and was apparently eligible to be treated as a youthful offender. Mr. Harris moved pursuant to CPL 720.15 to close the arraignment and all further proceedings and requested the closure motion be held in private. Mr. Harris gave no reason why closure was sought other than that newspaper accounts of the incident would be offered into evidence by the petitioner and might result in prejudice. Judge Tormey thereafter directed that the argument on the motion for closure be conducted in chambers. Following the argument, Judge Tormey directed that the accusatory instrument be sealed, the record of the closure motion be sealed in its entirety, and that the arraignment and all further proceedings be conducted in private. No findings to support the decision were placed on the record in open court.

In this State there is a presumption of openness with regard

to all criminal proceedings, including the pretrial phases thereof. *(Matter of Associated Press v Bell,* 70 NY2d 32.) The burden rests with the defendant to overcome the presumption of openness. *(Matter of Herald Co. v Weisenberg,* 59 NY2d 378.)* The initial argument for closure must be made in open court, and should the court ultimately decide that closure is necessary, it must give its reasons in open court. *(Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan,* 125 AD2d 34, *affd on other grounds* 71 NY2d 263.)* Where, however, during the course of the closure argument, it becomes necessary for counsel to offer specified items of proof, the public disclosure of which would create the very prejudice sought to be avoided, defense counsel can request that that portion of the argument be conducted in camera out of the hearing of the public. *(Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430.)* The presumption of openness applies even where a statute such as CPL 720.15 provides that in misdemeanor cases the court may close the proceedings. *(Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan,* 125 AD2d 34, *affd on other grounds* 71 NY2d 263, *supra.)*

In the present case, no one can fault Judge Tormey for his fairness, or his recognition of the competing interests that are involved where a defendant seeks closure. Unfortunately, the procedures employed by him did not comport with those to be utilized when seeking closure during the pretrial phase of a criminal proceeding, which are applicable here. First, the defendant presented no evidence to justify the closure of the closure motion itself. Mere speculation as to what the petitioner might present as evidence and the unsubstantiated conclusion that it would be prejudicial is insufficient. Second, Judge Tormey's findings or reasons for his ultimate decision were not placed on the record in open court.

In view of the foregoing, the court finds that Judge Tormey exceeded his jurisdiction and therefore his orders directing closure of the closure motion and the closure of the arraignment and all subsequent proceedings are vacated without prejudice to reapplication by the defendant. The defect in the proceeding cannot be cured by directing that a copy of the transcript of the closed portion of the proceeding be released. In fact, it may be prejudicial to do so. Thus, Judge Tormey's order sealing the transcript shall stand as it relates to the closed portion thereof.