In the Matter of JOHNSON NEWSPAPER CORPORATION, Doing Business as WATERTOWN DAILY NEWS, Appellant, v JOSEPH MELINO, as Supervisor of the Office of Professional Discipline, New York State Department of Education, et al., Respondents.

Third Department, November 16, 1989

### APPEARANCES OF COUNSEL

*Bond, Schoeneck & King (S. Paul Battaglia* of counsel), for appellant.

*Robert E. Diaz (Charles E. O'Brien* of counsel), for Joseph Melino and another, respondent.

*Emil M. Rossi* for Andrew W. Griffiths, respondent.

### OPINION OF THE COURT

MIKOLL, J.

The issue to be resolved is whether the State's strong policy of public access to judicial and administrative proceedings is applicable to a disciplinary proceeding involving a professional under Education Law § 6510 (3). We concur with Supreme Court's holding which found "a countervailing presumption of confidentiality with respect to disciplinary proceedings" and that "the closure of professional disciplinary proceedings does not violate petitioner's First Amendment access to government".

Petitioner publishes the Watertown Daily Times. Respondent Andrew W. Griffiths, a dentist practicing in the City of Watertown, Jefferson County, was scheduled to be the subject of a hearing involving charges of professional misconduct to be held by respondent Department of Education, Office of Professional Discipline (hereinafter OPD). Petitioner requested that its reporter be allowed to cover the hearing and was advised that such hearings were closed to the public. Thereafter, petitioner commenced the instant CPLR article 78 proceeding for a judgment, *inter alia,* to vacate and nullify OPD's policy of routinely excluding the press and public from its disciplinary hearings, and to declare that such hearings are presumptively open to the press and public. Supreme Court dismissed the petition, giving rise to this appeal by petitioner.

There is little precedential law to guide us in our determination. We note that the United States Supreme Court has held that there is a qualified right of access to certain proceedings and has developed a two-tiered test to determine access

*(Press-Enterprise Co. v Superior Ct.,* 478 US 1). This includes "whether the place and process have historically been open to the press and general public" and "whether public access plays a significant positive role in the functioning of the particular process in question" *(supra,* at 8). Despite petitioner's contention to the contrary, we find the test of continuing importance *(see, Capital Cities Media v Chester,* 797 F2d 1164; *Combined Communications Corp. v Boger,* 689 F Supp 1065). In New York there is no historical basis for open professional disciplinary hearings. In *People ex rel. Karlin v Culkin* (248 NY 465), the Court of Appeals noted that "[t]here is a practice of distant origin by which disciplinary proceedings, unless issuing in a judgment adverse to the attorney, are recorded as anonymous" *(supra,* at 479). In *Matter of Lazachek v Board of Regents* (101 AD2d 639, 641, *lv denied* 63 NY2d 608), this court indicated that a medical disciplinary hearing is confidential but that confidentiality thereof may be waived, citing *Matter of Capoccia* (59 NY2d 549). Similarly, investigations of judicial officers are confidential *(see, Matter of Nichols v Gamso,* 35 NY2d 35, 38). Neither has the public played a significant role in the licensing or policing of professionals. This has generally been left to the expertise of the Department of Education. We thus find no qualified right of access under the 1st Amendment as to such hearings.

There being no constitutional right of access, we must next determine whether the public policy of the State as pronounced in *Matter of Westchester Rockland Newspapers v Leggett* (48 NY2d 430) and as further amplified in *Matter of Herald Co. v Weisenberg* (59 NY2d 378) has abrogated the historical tradition of confidentiality of professional disciplinary proceedings. It was held in *Weisenberg,* referring to the public policy of the State as to public access to judicial and administrative proceedings, that legislative restrictions on openness must be specific and will be strictly construed *(supra,* at 381-383). Turning to the relevant statutory law in this matter, Education Law § 6510 (8) requires that files of the Department of Education relating to the investigation of professional conduct shall be confidential. In keeping with the statutory scheme, in *Sinicropi v County of Nassau* (76 AD2d 832, *lv denied* 51 NY2d 704), it was held that disciplinary hearing transcripts are exempt from disclosure under the Freedom of Information Law (Public Officers Law § 87 [2] [g]) as predecisional matter. The logic of the *Sinicropi* decision leads to the conclusion that if transcripts of a hearing are

confidential matter so, too, is the hearing in which they are produced. A contrary holding would nullify the expressed statutory scheme of confidentiality. As established under the Education Law, the OPD hearing and attendant hearing transcripts are predecisional matter. The OPD hearing is not a final determination but merely the first step in a three-part process which might result in disciplinary action. The Hearing Panel makes a report, including a recommendation, to the Regents Review Committee (Education Law § 6510 [3], [4]); that recommendation is not binding. The Regents Review Committee transmits a report of its review to the Board of Regents. It is the decision of the Board of Regents which is subject to judicial review and is publicly announced. Thus, the Regents' policy to close all disciplinary hearings unless all present agree to public access recognizes the special expertise of the licensing authority in disciplinary matters which protects the public good and reduces the potential for irreparable harm to a professional reputation by unfounded accusations.

Of considerable significance on the issue before us is the holding of the Court of Appeals in *Matter of Capoccia* (59 NY2d 549, *supra),* handed down in the same term as *Weisenberg (supra),* wherein the court recognized that the confidentiality of lawyer disciplinary proceedings might be waived. That holding inferentially accepts the confidentiality of professional disciplinary proceedings as to attorneys notwithstanding a similar lack of specific reference to closed hearings in applicable statutory law (Judiciary Law § 90 [10]). This is consistent with the court's earlier decision in *People ex rel. Karlin v Culkin* (248 NY 465, *supra).*

In light of the Regents' long-standing policy of presumptive closure of professional disciplinary hearings and the decisional law favoring that policy, we are unable to conclude that the Court of Appeals in its *Weisenberg* holding intended to overturn the policy of confidentiality.

MERCURE, J. (dissenting). I respectfully dissent. The Court of Appeals held in *Matter of Herald Co. v Weisenberg* (59 NY2d 378, 380) that the presumption of public access extends to quasi-judicial administrative proceedings, which "may not be closed to the public unless there is demonstrated a compelling reason for closure and only after the affected members of the news media are given an opportunity to be heard". This presumption of openness will be overcome only by statutory exception, expressed in specific language and strictly con-

strued *(supra,* at 381-382). The unwritten policy of the Department of Education that disciplinary proceedings be closed does not rise to this level and, thus, cannot overcome the strong public policy in this State favoring public access to judicial and administrative proceedings *(see, supra,* at 381; *Herald Co. v Board of Parole,* 131 Misc 2d 36, *affd* 125 AD2d 985).

No statutory provision expressly authorizes closure of Department of Education disciplinary hearings *(see,* Education Law § 6510). Although Education Law § 6510 (8) makes the files pertaining to an investigation confidential, it does not require that the hearings also be confidential *(see, e.g., Matter of Capital Newspapers v Moynihan,* 71 NY2d 263, 271-272; *Matter of Herald Co. v Board of Parole,* 125 AD2d 985). Finally, nothing in the analysis in *Matter of Capoccia* (59 NY2d 549) compels a contrary result. Since there was no public demand for access to the attorney disciplinary hearing at issue, *Capoccia* was decided on narrow grounds and should not be read as questioning, much less rejecting, the strict standards established by the *Weisenberg* court.

Accordingly, I would reverse the judgment and grant the petition to the extent of declaring that the hearing concerning respondent Andrew W. Griffiths was presumptively open to the press and public.

KANE, J. P., YESAWICH, JR., and LEVINE, JJ., concur with MIKOLL, J.; MERCURE, J., dissents and votes to reverse in an opinion.

Judgment affirmed, without costs.