OPINION OF THE COURT
George B. Ceresia, Jr., J.
Petitioner has commenced the instant CPLR article 78 proceeding to review a determination by the respondents denying its request under the Freedom of Information Law (Public Officers Law § 84 et seq. [FOIL]) for disclosure of certain tax records. Petitioner is involved in litigation with a corporation known as Mel-Bern Servicenter No. 6 Corp. (Mel-Bern). By letters dated February 6, 1995 and February 8, 1995, petitioner submitted requests in writing for various tax records of Mel-Bern and its officers dating from December 1, 1974 through November 30, 1977 and September 1, 1979 through August 31, 1983. By letter decisions dated February 15, 1995 petitioner’s requests were denied. Petitioner filed an administrative appeal and by decision dated April 12, 1995 the appeal was denied. The appeals decision recites in part:
"[T]he request for access is denied for the following reasons:
"a) Pursuant to Public Officers Law section 87, subd. 2 (a), the records are, in part, specifically exempted from disclosure by state statutes, i.e. section 1146 (a) and other secrecy statutes of the Tax Law;
"b) Pursuant to Public Officers Law § 87, subd. 2 (b) certain of the records, if disclosed, would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section 89 of the Public Officers Law; and
"c) Pursuant to Public Officers Law § 87, subd. 2 (e),[2] certain of the records are trade secrets which, if disclosed, would cause substantial injury to the competitive position of the taxpayers.”
The court, by order dated February 9, 1996, found that with one exception the materials which petitioner sought fell within the exemption of Tax Law § 1146 (a) and, therefore, within Public Officers Law § 87 (2) (a). The single exception was with respect to exhibits and transcripts of tax hearings conducted by the New York State Department of Taxation and Finance against respondent Mel-Bern.
*324 The court was mindful of the Court of Appeals case Matter of Herald Co. v Weisenberg (59 NY2d 378 [1983]), which held that it was improper to close an unemployment insurance hearing to the public. The Court of Appeals in Matter of Herald Co. acknowledged the strong public policy in New York State of public access to judicial and administrative proceedings where there exists no specific statutory prohibition. The Court of Appeals commented that where a claimant or employer requested closure of an unemployment compensation hearing during the presentation of evidence that a compelling reason must be demonstrated to support an order of closure (Matter of Herald Co. v Weisenberg, supra, at 383). If the court were to determine that a compelling reason for closure existed, then the reason should be stated on the public record (supra). Inasmuch as the hearings in question had already been conducted, the Court in Matter of Herald Co. (supra) found that the hearing transcript could, nevertheless, be obtained where notice of the application was given to all parties, and where the affected parties failed to demonstrate a compelling reason why the transcript should not be disclosed. The petitioner was directed to join Mel-Bern Servicenter No. 6 Corp., Melvin Karshan and Bernard Schwartz as respondents to the instant proceeding for purposes of affording them an opportunity to be heard on the application. Petitioner has now joined these parties to the instant proceeding. They have appeared and oppose the application relying upon Tax Law § 1146 (a).[3]
The court agrees with the respondents that compelling reasons exist to prevent disclosure of the requested information. As stated in Tax Law § 1146 (a): "Except in accordance with proper judicial order or as otherwise provided by law, it shall be unlawful for the tax commission, any tax commissioner, any officer or employee of the department of taxation and finance, any person engaged or retained by such department on an independent contract basis, or any person who in any manner may acquire knowledge of the contents of a return or report filed with the tax commission pursuant to this article, to divulge or make known in any manner any particulars set forth or disclosed in any such return or report. The officers *325 charged with the custody of such returns and reports shall not be required to produce any of them or evidence of anything contained in them in any action or proceeding in any court, except on behalf of the tax commission in an action or proceeding under the provisions of the tax law or in any other action or proceeding involving the collection of a tax due under this chapter to which the state or the tax commission is a party or a claimant, or on behalf of any party to any action, proceeding or hearing under the provisions of this article when the returns, reports or facts shown thereby are directly involved in such action, proceeding or hearing, in any of which events the court, or in the case of a hearing, the tax commission may require the production of, and may admit into evidence, so much of said returns, reports or of the facts shown thereby, as are pertinent to the action, proceeding or hearing and no more. The tax commission may, nevertheless, publish a copy or a summary of any decision rendered after a hearing required by this article. Nothing herein shall be construed to prohibit * * * the publication of statistics so classified as to prevent the identification of particular returns or reports and the items thereof’ (emphasis supplied).
The intent of Tax Law § 1146 is clear. There should be no disclosure of the content of tax returns or reports, or evidence of anything contained therein. The only two relevant exceptions noted are (1) a copy or summary of a decision rendered after a hearing and (2) statistics. It is evident that the Legislature intended to sharply curtail the material which may be disseminated to the public. In the court’s view, by specifically limiting disclosure to a copy of the decision, the Legislature has clearly proscribed distribution of all other documents, exhibits, transcripts, etc., made or filed in connection with a tax proceeding. The court concludes that the transcripts and exhibits sought fall squarely within Tax Law § 1146, and, therefore, within Public Officers Law § 87 (2) (a) (see, Matter of New York State Dept. of Taxation & Fin. v New York State Dept. of Law, Statewide Organized Crime Task Force, 44 NY2d 575 [1978]).[4]
*326 The court has reviewed and considered petitioner’s remaining arguments and found them to be without merit.
In summary, within the context of the Public Officers Law, the court finds that the determination of the records access officer to deny petitioner’s request for the subject documents was not in violation of lawful procedure, affected by an error of law, arbitrary, capricious or an abuse of discretion.[5]
Accordingly, it is ordered that the petition be and hereby is dismissed.

. This should refer to Public Officers Law § 87 (2) (d).

. On a procedural note, by letter dated October 21, 1996 the State respondents withdrew their objection in point of law predicated on a failure to join necessary parties to the proceeding. By stipulation dated November 21, 1996 the respondents, Mel-Bern Servicenter No. 6 Corp., Melvin Karshan and Bernard Schwartz, withdrew any and all objections to personal jurisdiction.

. The court is mindful of the Third Department decision of Kooi v Chu (129 AD2d 393 [1987]). That case involved disclosure by the Department of Taxation and Finance of information identifying Tax Department employees who had not filed income tax returns. The Court held that the nondisclosure provisions of Tax Law §§ 384 and 697 did not serve to bar disclosure of the information, since the purpose behind the Tax Law secrecy provisions was twofold: to protect personal privacy interests in the information on a tax *326 return and to encourage voluntary compliance with the tax laws. In the case at bar there are no allegations in the petition that a return or report was not filed. As a consequence, it is the court’s view that all of the items demanded by the petitioner, including the hearing transcripts and exhibits, fall within the protective provisions of Tax Law § 1146.

. It is arguable that the records and material at issue in this proceeding might be obtainable within the context of third-party discovery under CPLR article 31. While this may be true, in reviewing a FOIL request under the Public Officers Law, the purpose for which the documents are sought is not a proper consideration (see, Matter of Buffalo News v Buffalo Enter. Dev. Corp., 84 NY2d 488, 492 [1994]). The narrow question presented in this proceeding is whether the determinations of the records access officer were in violation of CPLR 7803 (3). The court, therefore, has given no consideration to the rules of discovery under CPLR article 31.