OPINION OF THE COURT
Leonard B. Austin, J.
Plaintiff commenced this action for malpractice against de *700 fendant who is the therapist for plaintiff, his wife and children. In addition to this action, plaintiff filed a complaint with the New York State Department of Education against defendant which resulted in the opening of an investigation with regard to the alleged professional misconduct. Plaintiff now seeks to review the filings made by defendant with the Department of Education in defending against plaintiff’s complaint and to review what findings were made and what action, if any, was taken thereon. Upon making the application, it was agreed that the documents responsive to plaintiffs discovery demands would be reviewed in camera. Having conducted such a review, plaintiff’s motion must be denied.
The disciplinary files of the Department of Education are “confidential and not subject to disclosure at the request of any person, except upon the order of a court in a pending action or proceeding” (Education Law § 6510 [8] [emphasis added]). Research reveals no case law applying section 6510 (8) in the context of discovery in a malpractice case. However, disclosure of disciplinary files was denied in a newspaper’s Freedom of Information request on the strong public policy favoring closure of professional disciplinary files. (See, Matter of Johnson Newspaper Corp. v Melino, 151 AD2d 214 [3d Dept 1989], affd 77 NY2d [1990]; Sinicropi v County of Nassau, 76 AD2d 832 [2d Dept], lv denied 51 NY2d 704 [1980].)
Generally, professional disciplinary proceedings in New York are not open to public scrutiny. (See, People ex rel. Karlin v Culkin, 248 NY 465 [1928].) That rule has been applied to the confidentiality of medical disciplinary proceedings as well. (Matter of Lazachek v Board of Regents, 101 AD2d 639 [3d Dept], lv denied 63 NY2d 608 [1984].) Such rules have been construed strictly and are enforced only where the law clearly mandates nondisclosure. (Matter of Herald Co. v Weisenberg, 59 NY2d 378 [1983] [unemployment insurance hearings are not closed even though some employee information may not be disclosed].)
Here, there is no express legislative intent to permit the kind of disclosure plaintiff seeks herein. Such requests may also be analogized to similar discovery applications in related contexts such as committees for medical review or professional standards (Education Law § 6527 [3]), and hospital quality assurance review and related committees (Public Health Law § 2805-m). The proceedings and determinations of such committees are not subject to disclosure under CPLR article 31 *701 except with regard to the testimony given by a party in an action involving the subject matter of such testimony. See Carroll v Nunez (137 AD2d 911 [3d Dept 1988]), which held that the patient was entitled to malpractice defendant surgeon’s statement made at a peer review proceeding. However, the patient was not entitled to defendant surgeon’s personnel file or other patient complaints. (Id.)
By order granted on September 11, 2000, this court denied plaintiffs request for disclosure of the psychological records of plaintiffs children and wife arising from defendant’s treatment of them. Indeed, consistent with that order, the records sought by plaintiff on this application are not discoverable to the extent that they relate to the treatment of his wife and/or children even if they are otherwise discoverable, except with redaction. (See Carroll v Nunez, supra.) Where the privacy rights of nonparties are impacted by a disclosure request, it should be denied in the absence of a significant showing of need. (CPLR 3103; see e.g., Lazan v Bellin, 95 AD2d 751 [1st Dept 1983].)
In the context of the investigation by the Department of Education instigated by plaintiff, the documents disclosed to the court for in camera review reveal no formal charges being brought. There has been no finding of professional misconduct so as to even justify disclosure on the ground of collateral estoppel barring defendant from defending this action. (See e.g., David v Biondo, 92 NY2d 318 [1998].)
This court cannot discern a basis for exercising its discretion to permit the release of the information sought. In effect, plaintiff is attempting to bootstrap his complaint in this malpractice action via the apparently meritless now-closed disciplinary proceeding, which he instigated. Accordingly, disclosure of defendant’s disciplinary records and documents relating thereto must be denied.