In the Matter of HARRY MOGEL (Admitted as HARRY H. MOGELEFSKY), an Attorney, Respondent.

In the Matter of BERNARD L. FRIEDMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 26, 1963.

*Michael Franck* of counsel (*John G. Bonomi,* attorney), for petitioner.

*Lionel S. Popkin* of counsel (*Hess, Mela, Segall, Popkin & Guterman,* attorneys), for Harry Mogel, respondent.

*Jack S. Hoffinger* for Bernard L. Friedman, respondent.

*Per Curiam.* Respondent Mogel was admitted to the Bar in 1931 and has been in active practice since that time. In the petition before the court he has been charged with violating canons 29, 32 and 35 of the Canons of Ethics in that he represented numerous defendants in Gambler's Court not at the behest of these defendants but pursuant to a retainer or retainers from the employers of these defendants. The persons who allegedly engaged respondent's services were conducting a policy operation and hired respondent to represent such of their collectors

as might be arrested by the police. The consequence of such representation was to facilitate a criminal activity and to assist in the operation of a gambling ring.

It is not open to question that such a charge, if established, is one of the most serious infractions that an attorney can commit (*Matter of Davis*, 252 App. Div. 591). A highly necessary function, the defense of those charged with crime, is prostituted into the furtherance of crime itself. While the wording of the particular canon involved may not be familiar to the general practitioner, the evil of the conduct must be appreciated by all and there must be consciousness that it is wrong. We find no question raised on this score by the respondent. He relies on his denials and questions the quality and legal validity of the proof brought against him.

The witnesses who testified in the proceeding were all policy collectors or controllers who had been represented by the respondent. Their testimony was not impressive for consistency. With few exceptions they seemed to be trying to exonerate respondent and it was with some difficulty that the facts could be arrived at. This, however, is the usual situation in matters involving persons engaged in policy (see *Matter of Davis, supra*, p. 600, and *Matter of Salus*, 321 Penn. St. 106, quoted therein). It is not an insurmountable difficulty. As this is not a criminal proceeding, resolution beyond a reasonable doubt is not required and the questions are to be determined on the fair preponderance of the evidence and the reasonable inferences to be drawn therefrom (*Matter of Herrmann*, 175 App. Div. 310; *Matter of Farrell*, 237 App. Div. 678). And the mere fact that witnesses may be friendly to the respondent and color their testimony accordingly does not cast such doubt on the proceedings as to require a finding that the charges have not been established (*Matter of Phillies*, 17 A D 2d 93).

We have examined the alleged errors in the receipt of testimony and find them to be without substance.

Respondent Friedman was admitted to the Bar in 1953. He became Mogel's law partner in June, 1959, following a short period of association. There is no direct testimony that he either made or participated in the making of any of the unethical agreements to represent employees of the policy ring. However, his comparative youth does not bespeak inexperience or naivete. His association with Mogel followed upon five and a half years' service as an Assistant District Attorney in New York County. During this period there was a year's active work in the Court of Special Sessions, including a month's service in the Gambler's Court. During his 14 months of association with Mogel he was

in almost constant attendance at the Gambler's Court, a substantial part of that time in the company of Mogel. We find it inconceivable that he was not aware of the arrangements whereby the firm appeared in court for its so-called clients. The very magnitude of the business negates his claim of lack of knowledge (*Matter of Weitz*, 11 A D 2d 76, affd. 9 N Y 2d 735). "Moreover, it is inconceivable as a practical matter that respondent did not know of the common pattern with which the business was done" (*Matter of Shufer*, 12 A D 2d 208, 212, motion for leave to appeal denied 9 N Y 2d 611). As a consequence we find this respondent to be also blameworthy. His transgressions do not go to the degree that we find present as regards his onetime partner. Although he participated in an arrangement that he found existing in the office, he did not initiate it, nor did he, as far as the record discloses, actively seek its continuation or extension. Furthermore, he did attempt to put the representation of the defendants upon a more professional footing as far as the actual trials were concerned. These facts, while not excusing him, do indicate a difference in the sanctions to be imposed.

We find the charges sustained. The motion to confirm the report of the Referee should be granted. The respondent Harry Mogel should be disbarred and the respondent Bernard L. Friedman should be suspended for a period of two years.

Botein, P. J., Breitel, Valente, McNally and Steuer, JJ., concur.

Respondent Harry Mogel (admitted as Harry H. Mogelefsky) disbarred. Respondent Bernard L. Friedman suspended for a period of two years.