■ In the Matter of THOMAS P. FEOLA, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.— Petitioner New York State Bar Association moves for an order confirming in part and disaffirming in part the report of Honorable RICHARD J. BOOKHOUT on the issues arising from charges of professional misconduct made by its Committee on Grievances against respondent, who was admitted to the Bar in this Department on December 4, 1958. The petition in this disciplinary proceeding alleges two charges of professional misconduct. In the first charge it is alleged that in 1966 one Bruce Matarazzo retained respondent to recover damages for personal injuries sustained as a result of an automobile accident; that although Matarazzo advised respondent that he was unemployed, respondent submitted to the Liberty Mutual Insurance Company a lost time and wage statement which showed Matarazzo employed by Fort Orange Stables, a corporation of which respondent was an officer, for the purpose of inducing that company to settle Matarazzo's claim; that respondent signed the name of Robert Sherry, also an officer of Fort Orange Stables,

on the lost time and wage statement, without his consent; that although respondent knew Matarazzo was unemployed he submitted an affidavit to the insurance company wherein Matarazzo stated that he was completely self-sufficient and dependent upon no other person for his support or maintenance; and that shortly after the submission of the lost time and wage statement and affidavit of emancipation, Matarazzo's claim was settled. In the second charge it is alleged that respondent submitted and aided and assisted in submitting an affidavit of Mario Bonaquist, M.D., to the Supreme Court, Schenectady County, in support of an infant's settlement; and that although respondent knew that Mario Bonaquist, M.D., did not execute the affidavit, respondent in his capacity as notary public certified that the doctor had done so. In his answer respondent, with respect to the first charge, admits that he knew that Matarazzo was unemployed prior to the date of the accident, but alleges that he would have begun working at the Fort Orange Stables had it not been for the accident; denies that he signed the name of Robert Sherry to the lost time and wage statement without authority, and alleges that it was their custom often to sign each other's name to documents for reasons of convenience; and denies that the reason for submission of the affidavit of emancipation was for the purpose of showing employment and alleges that the sole purpose for submitting this affidavit was for the purpose of dispensing with the appointment of a guardian for Matarazzo, whom he knew was self-sufficient and not dependent on any other person. With respect to the allegations contained in the second charge, respondent admits that he assisted and aided in submitting to the Supreme Court, Schenectady County, an affidavit of Mario Bonaquist, M.D., but denies that at the time of the execution of the affidavit he knew that the signature of Dr. Bonaquist on the affidavit was not in fact his signature, and alleges that, in any event, the substance of the affidavit is true and identical to a medical report submitted by Dr. Bonaquist. In his report, Mr. Justice BOOKHOUT found that the first charge, relating to the submission of a false and misleading lost time and wage statement, had been sustained; that there was nothing incorrect or misleading with reference to the affidavit of emancipation supplied by respondent; and that the charge of professional misconduct relating to the notarization and submission of a forged affidavit had not been sustained by clear and convincing proof. Disciplinary proceedings for professional misconduct are civil in nature (*Matter of Zuckerman,* 20 N Y 2d 430; *Matter of Phillies,* 17 A D 2d 93, mot. for lv. to app. den. 12 N Y 2d 645). Consequently, the statutory rules in criminal prosecutions relating to the presumption of innocence and the burden of establishing the guilt of the accused beyond a reasonable doubt do not apply (*Matter of Randel,* 158 N. Y. 216; *Matter of Spenser,* 143 App. Div. 229, affd. 203 N. Y. 613). Rather the questions involved in disciplinary proceedings are to be determined upon a fair preponderance of the evidence and the reasonable inferences to be drawn therefrom (*Matter of Mogel,* 18 A D 2d 203; *Matter of Farrell,* 237 App. Div. 678; *Matter of Herrmann,* 175 App. Div. 310; but see *Matter of Anonymous,* 175 App. Div. 653). With these rules in mind, we conclude that the findings of Mr. Justice BOOKHOUT are supported by evidence which is fairly perponderant and his report should be confirmed. The submission of a false and misleading lost time and wage statement to an insurance company in attempting to settle a personal injury claim is a clear breach of professional ethics. (Canons of Professional Ethics, canon 29; cf. Code of Professional Responsibility, DR-102.) The contention that respondent should be excused of wrongdoing because the adjuster with whom he was dealing was aware of the deception cannot be sustained. Respondent's misconduct is clear and warrants strong disapproval.

The discipline to be meted out where misconduct of an attorney is established is discretionary with the court, and each proceeding must be largely governed by its particular facts. Taking into consideration respondent's otherwise satisfactory record; his candor and co-operation throughout the course of this proceeding and the investigations which preceded it; and the fact that this is the first offense, we are satisfied that the ends of justice will best be served in respondent's case by imposition of a severe censure. (Cf. *Matter of Goldwater*, 26 A D 2d 86.) Motion to reject in part findings of Justice appointed to hear and report denied, report confirmed, and respondent censured. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.