OPINION OF THE COURT
Jones, J.
The standard of proof for a determination of professional misconduct in an attorney’s disciplinary proceeding is a fair preponderance of the evidence, not clear and convincing evidence. In the absence of good cause shown why a hearing conducted incident to such proceedings should not be open to the public, on a written waiver of confidentiality by the attorney respondent in such proceedings and a request by that attorney that the hearings be open, it is error to deny such request.
*552 Disciplinary proceedings were instituted against appellant, an attorney, by petition setting forth eight charges of professional misconduct. By instrument dated July 30, 1982, appellant waived confidentiality in the proceedings and demanded an open public hearing. The Appellate Division, Third Department, however, directed that all proceedings be deemed confidential pursuant to the provisions of subdivision 10 of section 90 of the Judiciary Law and referred the matter to a referee to take testimony and to report his findings to the court. Appellant moved for reargument and for leave to appeal to the Court of Appeals, but both branches of his application were denied by the Appellate Division. When neither appellant nor his attorney appeared at the scheduled hearing five days later, the matter was rescheduled for the following day and hearings were held before the referee on that day and continued over three additional days. Neither appellant nor his attorney participated in any of these hearings, other than on the opening day to register objection to the closure of the proceedings and to inform the referee of their intentions not to participate. Two months later the referee submitted his report in which he concluded that the charges should be sustained in part and dismissed in other part. On cross motions, the Appellate Division denied appellant’s cross motion insofar as it sought to reopen the proceeding as a public hearing and to strike all evidence theretofore introduced, confirmed the report of the referee, and ordered that appellant be suspended from the practice of law for a period of six months commencing July 11,1983. We granted leave to appeal and stayed suspension of appellant pending determination of the appeal.
Two issues are presented for our resolution. Appellant contends that the standard of proof in attorney disciplinary proceedings should be “clear and convincing evidence” rather than a “fair preponderance of the evidence”, and that if the attorney respondent in the proceedings waives all confidentiality he is entitled to have all hearings open to the public.
It has consistently been held by the Appellate Divisions that the standard of proof in attorney disciplinary proceedings is a fair preponderance of the evidence (Matter *553 of Feola, 37 AD2d 789, 790; Matter of Mogel, 18 AD2d 203, 204; Matter of Farrell, 237 App Div 678, 685; Matter of Herrmann, 175 App Div 310, 312; contra Matter of Anonymous, 175 App Div 653, 659 [“clear and satisfactory and convincing”]). Our court upheld this standard in Matter of Sutton (49 NY2d 799) in which, subsequent to the decision of the Supreme Court of the United States in Addington v Texas (441 US 418), on which appellant relies (as did Sutton), we granted a motion to dismiss an appeal taken as of right under CPLR 5601 (subd [b]) on the ground that no substantial constitutional question was involved. The cases on which appellant would rely all involve the denial of personal or liberty rights (Little v Streater, 452 US 1 [paternity proceeding]; Fedorenko v United States, 449 US 490 [denaturalization proceeding]; Addington v Texas, 441 US 418, supra [civil commitment for a mental disease]). The interest here at stake does not come within that category; the suspension is of appellant’s privilege to practice law, a not insignificant privilege, but one which, once extended, is more nearly to be classified as a property interest, as to which the higher standard of proof has not been required.
With respect to appellant’s claim that he was entitled to have the hearings in this instance opened to the public, we agree, but find it unnecessary to reach his constitutional contentions. The statute on which the Appellate Division and respondent rely for closure of the hearings in the face of appellant’s express waiver, subdivision 10 of section 90 of the Judiciary Law, literally read, does not address the question whether attorney disciplinary hearings shall be closed or open to the public. It provides in pertinent part: “Any statute or rule to the contrary notwithstanding, all papers, records and documents * * * upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential”. The Appellate Division, First Department, has concluded that this subdivision imposes no nonwaivable blanket bar to public hearings as is manifested by the promulgation of section 6.2 of the rules of its Departmental Disciplinary Committee which provides:
*554 “§ 6,2. Waiver.
“Upon the written waiver of confidentiality by any Respondent, all participants shall thereafter hold the matter confidential to the extent required by the terms of the waiver.”[1]
The provisions for confidentiality set forth in subdivision 10 of section 90, even if in principle considered relevant to the public hearing question, were enacted primarily, if not only, for the benefit of the attorney under investigation.[2] Accordingly, on a duly executed waiver of confidentiality by that attorney and his demand therefor, the hearings in his disciplinary proceeding must be made open to the public in the absence of a determination by the Appellate Division that for due cause demonstrated the hearings should be closed in whole or in part.[3] It may very well be that in some instances operative considerations will dictate that in the public interest the hearings or some portion of them should be closed (cf. Judiciary Law, § 4; other sufficient reasons can be conjectured). We have no occasion in this appeal to delineate the boundary between ~fhe attorney’s right to waive confidentiality and the court’s right to close the hearing; where that line is to be drawn will depend on the facts and circumstances in the particular case. It suffices for purposes of our disposition of the present appeal to observe that the denial of appellant’s application in this case was in each instance summary and that no reason or explanation was stated by the Appellate Division or is now advanced by respondent in our court why the hearings in this case should be closed or appellant’s waiver of confidentiality rejected.
Accordingly, the order of the Appellate Division should be reversed, without costs, all evidence before the referee *555 stricken, the referee’s report vacated, and the matter remitted to that court for further proceedings.
Chief Judge Cooke and Judges Jasen, Wachtler, Meyer and Simons concur.
Order reversed, without costs, all evidence before the referee stricken, the referee’s report vacated and matter remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein.

. Neither the promulgation of that rule nor the determination in this case may be treated as an ad hoc exercise of the discretion granted the Justices of the Appellate Division, in the second sentence of subdivision 10, upon good cause shown to permit to be divulged “all or any part of such papers, records and documents”.

. (See Amer Bar Assn, Evaluation of the Lawyer Disciplinary Systems of the State of New York, Final Report [Dec., 1982], p 41.)

. (Op. cit., pp 41, 42; see, also, American Bar Association Joint Committee on Professional Discipline, Professional Discipline for Lawyers and Judges [1979], 8.24.)