■ In the Matter of ANDREW F. CAPOCCIA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — After we denied respondent's applications for the conduct of a public hearing in this disciplinary proceeding, closed hearings were conducted by a referee who sustained four of the charges brought by petitioner and dismissed four other charges. Neither respondent nor his attorney participated in these hearings other than to appear on the opening day and register their objections to closure of the proceeding. This court subsequently confirmed the referee's report after denying respondent's application to reopen the matter as a public hearing. Respondent was ordered suspended from the practice of law for six months (*Matter of Capoccia*, 94 AD2d 891). The Court of Appeals granted leave to appeal and stayed respondent's suspension pending determination of the appeal. By decision dated July 7, 1983, the Court of Appeals determined that the confidentiality provisions of section 90 of the Judiciary Law "were enacted

primarily, if not only, for the benefit of the attorney under investigation", and that, "on a duly executed waiver of confidentiality by that attorney and his demand therefor, the hearings in his disciplinary proceeding must be made open to the public in the absence of a determination by the Appellate Division that for good cause demonstrated the hearings should be closed in whole or in part" (59 NY2d 549, 554). The order of this court was reversed, all evidence before the referee was stricken, the referee's report vacated, and the matter remitted to us for further proceedings. In view of the foregoing, the charges against respondent must be remanded to the referee for a new hearing. Upon respondent's filing of a waiver of confidentiality and a demand for a public hearing, the proceeding shall be open to the public unless this court shall determine that reasons exist for closing the hearing in whole or in part. Respondent's waiver and demand, if such is to be made, shall be filed with the clerk of this court and served upon petitioner within 10 days of the date of this determination. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.