OPINION OF THE COURT
Per Curiam.
We accept the determination of the State Commission on Judicial Conduct that petitioner, a Judge of the District Court of Nassau County, be removed from office. The record fully supports the Commission’s findings of fact and conclusions of law. As fairly summarized by the Commission:
“[Petitioner] intervened on three occasions in matters not before him to seek special consideration for defendants with whom he had personal relationships.
“In two cases, he went to extraordinary lengths to pressure prosecutors to agree to charge reductions not available to other defendants, in one case on behalf of his stepson and in the second on behalf of an acquaintance who had done [petitioner] a favor that he had promised to return. [Petitioner] acted as an adversary in these matters, proposing dispositions to the prosecutors, persisting when they refused his suggestions and exhibiting impatience when they refused to yield.
* * *
*280 “In the Lucey matter, [petitioner’s] misconduct was exacerbated by the fact that he reached out to another part of the court to bring the case béfore him and, after bargaining on behalf of the defendant, disposed of the matter himself.”
This egregious conduct violated sections 100.1, 100.2 and 100.3 (a) (2) of the Rules Governing Judicial Conduct (22 NYCRR) and Canons 1, 2 and 3 [A] of the Code of Judicial Conduct and warrants petitioner’s removal.
We reject petitioner’s contention that the standard of proof in this proceeding should be “clear and convincing evidence” rather than the “preponderance of the evidence” standard adopted by the Commission (see, 22 NYCRR 7000.6 [i]). In Santosky v Kramer (455 US 745, 756), relied upon by petitioner, the Supreme Court cited a variety of situations where it had mandated the “clear and convincing” standard in government-initiated proceedings that threatened the individual with “ ‘a significant deprivation of liberty’ or ‘stigma’.” The nature of the individual interest threatened, however, is not the only consideration in deciding whether, in a particular type of proceeding, due process requires the use of the higher standard. The decision must be based upon a fair allocation between the State and the individual of the risk of an erroneous determination in the proceeding (see, Santosky v Kramer, supra, p 761). This, in turn, requires a weighing of the interests involved. “The individual should not be asked to share equally with society the risk of error when the possible injury to the individual is significantly greater than any possible harm to the state.” (Addington v Texas, 441 US 418, 427, quoted in Santosky v Kramer, supra, p 768.)
In approving the preponderance standard in attorney disciplinary proceedings, we pointed out that the privilege to practice law is not a personal or liberty interest, but “is more nearly to be classified as a property interest, as to which the higher standard of proof has not been required.” (Matter of Capoccia, 59 NY2d 549, 553.) So, too, is the right of a judge to continue in office more akin to a property, rather than a personal or liberty, interest. Moreover, even though removal from office is more serious than a “mere loss of money”, since it inflicts a “stigma” (Addington v Texas, supra, pp 424,426), the interest of the State and of the public in a competent judiciary is superior to the interest of the individual Judge to continue in office. We have held that in a disbarment proceeding, the “concern for the protection of the public interest far outweighs any interest the convicted attorney has in continuing to earn a livelihood in his *281 chosen profession.” (Matter of Mitchell, 40 NY2d 153, 156.) Concern for the protection of the public interest weighs no less heavily in the present proceeding.
Accordingly, the determined sanction should be accepted, without costs, and the application for review of the December 18, 1984 order of the Commission denied.
Judges Jasen, Meyer, Simons, Kaye, Titone and Boomer* concur in Per Curiam opinion; Chief Judge Wachtler and Judge Alexander taking no part.
Determined sanction accepted, without costs, and William W. Seiffert is removed from his office of Judge of the District Court, Nassau County. Application for review of the December 18,1984 order of the Commission denied.

 Designated pursuant to NY Constitution, article VI, § 2.