— Petitioner Committee on Professional Standards moves to confirm the report of the Referee which sustained two charges of professional misconduct against respondent, an attorney admitted to practice in 1940 by the Appellate Division, Fourth Department. Respondent cross-moves to reject the Referee’s report and vacate a prior order of this court, effective April 2, 1984, suspending him from *845 practice on account of his conviction of a serious crime (Judiciary Law § 90 [4] [d], [f]; see, Matter of Hodge, 100 AD2d 688, Iv denied 62 NY2d 603, mot for stay dismissed as academic 62 NY2d 803). Respondent has maintained law offices in the Town of Hamilton, Madison County, and Old Forge in the Town of Webb, Herkimer County.
The first charge of professional misconduct, containing four specifications, accuses respondent of violating the Code of Professional Responsibility, DR 1-102 (A) (3), (4), (5) and (6), by participating in the development and implementation of a scheme to launder the cash proceeds of illicit narcotics sales. The second charge accuses respondent of violating the Code of Professional Responsibility, DR 1-102 (A) (3), (5) and (6), by pleading guilty to the second count of a three-count Federal indictment arising out of his involvement in the money laundering scheme. In his plea agreement, respondent admitted knowledge that the laundering scheme involved the proceeds of illicit narcotics sales. On December 19, 1983, respondent was convicted upon his plea of guilty to the second count of the indictment, specifically "[clausing banks not to file Currency Transaction Reports with the Internal Revenue Service, in violation of Title 31 U.S.C. §§ 1059 and 1081;* Title 18 U.S.C. § 2, and Title 31, Code of Federal Regulations, Section 103.22”. Upon his conviction of a Federal felony (see, 31 USC §§ 5313, 5322; 18 USC § 1) respondent was fined $10,000 and placed on probation for three years; a suspended sentence of imprisonment of one year and one day was also imposed. As a special condition of probation, respondent was required to reimburse the Internal Revenue Service $5,000.
After a four-day hearing, the Referee sustained both charges of professional misconduct, noting, inter alia, that respondent "intended to implement a scheme to convert and channel cash derived from an illicit source into legitimate financial channels where it could surface without detection of its nature” in violation of Federal law and that respondent "believed, in accepting substantial sums of money from Federal agents, and purchasing bearer bonds as a coverup, he was converting money derived from drugs”. The Referee rejected respondent’s defense of entrapment by Federal agents and, although the Referee acknowledged that respondent’s plea agreement was "made under extreme pressure from the Federal prosecutor”, he nevertheless found respondent’s admissions therein with respect to his knowledge that illicit narcotics sales were the *846 source of the moneys to be laundered probative of respondent’s understanding of the scheme’s purpose. Because we find the Referee’s conclusions supported by a fair preponderance of the evidence (Matter of Capoccia, 59 NY2d 549), we confirm the findings of professional misconduct against respondent.
We further find that respondent’s professional misconduct warrants severe discipline. Respondent has pleaded guilty to a Federal felony and the Referee properly found that the plea resulted from his participation in developing and implementing a scheme to launder the substantial cash proceeds of narcotics traffic. Also, it appears respondent entered into the scheme solely for pecuniary gain and expected a long-term business relationship with the other participants. Moreover, this is not the first time respondent has been disciplined by this court. In 1968 respondent was suspended for four months for neglect of clients’ affairs, conversion of escrow money, breach of a settlement agreement, and making various misrepresentations to clients and fellow attorneys (Matter of Hodge, 31 AD2d 661).
While we acknowledge some mitigating circumstances favoring leniency, including letters in the record attesting to respondent’s good character and reputation in his community, that no client has suffered because of his criminal activity, that respondent has already endured a 21-month suspension and much adverse newspaper publicity, and that he eventually cooperated with Government prosecutors in the investigation of the laundering scheme (although his cooperation was mandated as part of his plea bargain agreement), we nevertheless conclude that in order to maintain the public’s confidence in the system of attorney discipline and to protect the public from an attorney willing to participate in serious criminal activity, the ultimate sanction of disbarment is appropriate.
Motion to confirm Referee’s report granted; cross motion to reject Referee’s report and to vacate suspension order denied.
Respondent disbarred. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

 Renumbered 31 USC §§ 5322, 5313.