OPINION OF THE COURT
Lewis R. Friedman, J.
Defendants, Home Insurance Company and Home Indemnity Company (collectively Home), move for summary judgment on the ground that plaintiff cannot prove the existence or terms of the insurance policies at issue. To resolve this issue the court is required to visit the issue of what the burden of proof is when a policyholder asserts that it has lost the policy. This issue has troubled courts in many other jurisdictions but has not been discussed in the reported New York cases.
Plaintiff in this action seeks a declaratory judgment of entitlement to indemnity and defense by the various defendants, which allegedly issued policies of insurance for certain environmental claims. Discovery that has been done establishes that neither party can produce policies for the periods involved. As described in a prior decision by Justice Schackman plaintiff "retained its old policies and kept an insurance register containing complete information about coverage * * * and sent these materials to New York in 1975” (decision, Mar. 28, 1996, at 45). It appears that some of the records were lost as a result of "housecleaning” in the New York office or otherwise. In any event the insurance register has been lost. Only certain secondary evidence remains. Home has testified at deposition that pursuant to its document retention policy prior to 1983 it destroyed all policies more than seven years old. Home did not even retain a log of the policies it destroyed. Home claims to be unable to locate any policies issued to plaintiff or its predecessors for the periods in question.
The parties agree that an insurance policy may be proved by secondary evidence. The burden of proof for the grant of summary judgment thus relates to the weight to be given to the secondary evidence. The issue is procedural and is governed by law of the New York forum (see, United States Mtge. & Trust Co. v Ruggles, 258 NY 32 [1932]). The court notes that the only other possible applicable State law is that of Missouri. The law in both States is uncertain and contains no definitive answer to the proper burden of proof (see, Transamerica Ins. Co. v Pennsylvania Natl. Ins. Cos., 908 SW2d 173 [Mo Ct App 1995]).
It has been stated by one well-known authority that generally the proponent of a lost instrument must prove its exis *903 tence by clear and convincing evidence, although there is a minority view that a preponderance is sufficient (Ostrager and Newman, Insurance Coverage Disputes § 17.03, at 739-740 [8th ed]). A party bearing the burden of proof by "clear and convincing” evidence must satisfy the fact finder "there is a high degree of probability” that what the party claims is what actually happened (PJI3d 1:64; Home Ins. Co. v Karantonis, 156 AD2d 844 [3d Dept 1989]). Ostrager and Newman cite no New York State cases for the question of whether either burden of proof should apply. Home relies on several out-of-State authorities and three "New York” cases for the proposition that the New York standard is clear and convincing evidence.
In Emons Indus. v Liberty Mut. Fire Ins. Co. (545 F Supp 185 [SD NY 1982]) the court did not specifically state which burden it was applying as the New York rule, but relied on Keene Corp. v Insurance Co. (513 F Supp 47 [D DC 1981], remanded no opn 672 F2d 895 [DC Cir 1981]), a case which applied Pennsylvania law. In addition Emons simply held that "New York, like most jurisdictions, places upon plaintiff in an action based on an insurance contract the burden of proof to establish the existence of the policy sued upon and the provisions upon which the suit is based” (545 F Supp, at 188). That is not a holding on the quantum of the burden of proof. Boyce Thompson Inst. for Plant Research v Insurance Co. (751 F Supp 1137 [SD NY 1990]), the second "New York” authority relied on by Home, cites Emons and Sadow v Poskin Realty Corp. (63 Misc 2d 499 [Sup Ct, Queens County 1970]) for the proposition that New York requires clear and convincing evidence to prove a lost policy. Thus, on analysis it becomes clear that Sadow is the only New York State case upon which Home relies.
Sadow (supra) discusses the standard of proof for a lost mortgage. The court held that "To establish title by a lost deed or a lien by a lost mortgage there must be clear and certain evidence showing that the deed or mortgage was properly executed with all the formalities required by law and a showing of the contents of such instrument” (63 Misc 2d, at 504). That proposition is based on two cases that held that in cases of an unrecorded deed, "clear and certain” evidence is required. "If any thing less than these requirements would suffice, evil practices, which it was the object of the statute of frauds to prevent, would be encouraged” (Edwards v Noyes, 65 NY 125,127 [1875]; City of Oneida v Drake, 133 Misc 382, 385-386 [Sup Ct, Madison County 1928]). Thus the Sadow case deals only with lost mortgages and deeds and the inherent strong public policy *904 involved in interests in land. In any event, Sadow’s entire discussion on burdens of proof is dictum since the court held that "Moreover, the claim founders on the insurmountable statutory obstacle which renders void a mortgage which is neither in writing nor subscribed by the mortgagor. (General Obligations Law, § 5-703.)” (Sadow v Poskin Realty Corp., 63 Misc 2d, at 505.) There was simply no New York rule on which Boyce Thompson (supra) could rely. As the court in an analogous analysis of the cases supporting the clear and convincing standard noted: "In essence, there is a chain of support with no anchor. Like a parrot repeating words without any understanding of their meaning, each case in the chain cites a standard whose origin or justification is never made apparent” (Remington Arms Co. v Liberty Mut. Ins. Co., 810 F Supp 1420, 1424 [D Del 1992]).
Home argues that lost policies are a common claim and that is a sound reason for imposing a higher burden of proof. But of course the existence of many possible claims should not impact on the burden of proof. In general New York has only imposed a higher standard of proof in a limited class of cases in instances such as "denial of personal or liberty rights” (Matter of Capoccia, 59 NY2d 549, 553 [1983]), "particularly important personal interests are at stake” (Matter of Storar, 52 NY2d 363, 379 [1981]), or to establish certain interests in realty, fraud, and the like (see, Prince, Richardson on Evidence § 3-205, at 104-110 [Farrell 11th ed]). The Court of Appeals has been reluctant to extend the clear and convincing standard to new categories of claims (Matter of Capoccia, supra, 59 NY2d, at 553; cf., Matter of Martin v Ambach, 67 NY2d 975 [1986]), so long as they involve more than mere "property interest[s]” (Matter of Capoccia, supra, 59 NY2d, at 553) or concern "exceptional civil matters” (Matter of Storar, supra, 52 NY2d, at 379).
Justice Schackman correctly noted that the problem of lost policies is of course one for the plaintiff, which all parties agree has the burden of proof on the issue of the existence of the policies and their terms (La Pierre, Litchfield & Partners v Continental Cas. Co., 59 Misc 2d 20, 23 [Sup Ct, NY County 1969], mod on other grounds 32 AD2d 353 [1st Dept 1969]). However, in allocating the burden of proof the court must take into consideration the actions of the insurer and the effect that the rule would have on the conduct of the business. In this case the insurer is chargeable with knowledge that its liability on Comprehensive General Liability (CGL) policies might well *905 extend for many years beyond the end of the policy period. Home made a conscious business decision to destroy all policies and records of policies prior to 1976, even though it presumably knew that many of them would still be relevant. In light of the conflicting policy issues involved, this court cannot find a strong reason for imposing a higher burden of proof on insureds under these circumstances. The higher standard urged by Home would only serve to encourage carriers to destroy policies as soon as possible in the hope that those who had paid for insurance would be unable to produce the policies after the lapse of a substantial period. This court finds nothing unfair in holding the plaintiff to the usual preponderance of the evidence standard of persuasion where the carrier, which is in the business of selling policies, chooses to keep no records at all of those policies. The court notes that Home has offered no sound policy or jurisprudential reasons for extending a higher standard of proof to lost policy cases. The traditional rules of evidence are a reasonable balance for a claim such as the one at bar which does not impact any specially protected rights of the parties.
On this motion Home has to come forward with evidence showing that it is entitled to judgment and then the burden shifts to plaintiff to show that there is a triable issue of material fact on the issues (e.g., Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In evaluating the proof on this motion the court is well aware that plaintiff is not seeking judgment in its favor, rather it is claiming merely that there are issues for trial.
. The court finds that plaintiff has sufficient proof to meet the test to defeat this motion. There is some proof that Home issued CGL policies covering the periods October 1, 1956 to October 1, 1957, October 1,1959 to October 1,1960, and March 1, 1961 to March 1, 1964. Home sent plaintiff payments for claims with respect to specific CGL policy numbers; the checks and stubs even stated the policy periods. There are invoices referring to a premium audit for the period of March 1, 1961 to March 1, 1964 referring to the same policy number as one of the settlement checks, and indicating a returned premium for an overpayment. There is also proof from which a fact finder could infer that plaintiff had paid the premiums for the periods involved. For example, the settlement checks are dated years after the end of the policy periods and would not have been sent if there were defaulted premiums. The invoices refer to *906 premium audits and final audits for certain of the periods. The fact finder could well find that the premiums for all prior periods were paid in order for there to be an audit of the final years.
The question on this motion boils down to whether plaintiff has sufficient proof to raise an issue of fact with respect to the terms of the policies. Plaintiff contends without contradiction that Home was a member of the National Bureau of Casualty Underwriters (NBCU) in the 1950’s and 1960’s. The NBCU issued specimen forms for CGL policies during the periods at issue. Plaintiff offers proof that Home had, on occasion, used specimen forms that followed the NBCU forms for CGL policies. Home has offered no proof to the contrary. Plaintiff asserts that the use of the specimen forms is some proof that the policies issued to it were written on those forms. Those courts that have considered the question appear to have permitted the use of specimen policies to show what the terms of the policy at issue were (e.g., Keene Corp. v Insurance Co., 1981 WL 1753 [US Dist Ct, DC, Jan. 30, 1981, Green, J.] [applying Pennsylvania law]; Remington Arms Co. v Liberty Mut. Ins. Co., supra, 810 F Supp, at 1427; Rogers v Prudential Ins. Co., 218 Cal App 3d 1132, 1137, 267 Cal Rptr 499, 502 [1990]; Maryland Cas. Co. v Grace & Co., 1995 WL 562179, 9 [US Dist Ct, SD NY, Sept. 20, 1995, Bernikow, J.]). This court finds that it is reasonable to use the proffered proof to raise an issue of fact for trial.
The cases relied on by Home seem to hold that if the policyholder can prove the existence of the policy for the period in question the burden of proving the limits should be on the carrier (Emons Indus. v Liberty Mut. Fire Ins. Co., 545 F Supp 185, supra; see also, Burroughs Wellcome Co. v Commercial Union Ins. Co., 632 F Supp 1213 [SD NY 1986]). Obviously Home has offered no proof on the limits question because it has destroyed all records of its policies.
In simple terms the court finds that there are triable issues of fact concerning the existence and terms of the policies for the periods in question. The court reminds the parties that at this time the court expresses no views on how it would rule at a trial of the action on the issues of the existence or terms of the policies. The court also does not express the view that Justice Schackman’s decision of March 28, 1996 on the issue of notice is inapplicable.
The motion for summary judgment is denied.