■ In the Matter of MADELINE SHEILA GALVIN and JAMES E. MORGAN, Attorneys, Respondents. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [929 NYS2d 768]—

Per Curiam. Respondent Madeline Sheila Galvin was admitted to practice by this Court in 1974 and respondent James E. Morgan was admitted to practice by this Court in 1973. They maintain an office for the practice of law in Albany County.

Upon referral by this Court, the issues of fact raised by a petition of charges and respondents' answer were heard by a referee, who issued a report sustaining certain charges and finding that petitioner did not meet its burden of proof with respect to other charges (*see* 22 NYCRR 806.5). Petitioner has the burden of proving professional misconduct by a fair preponderance of the evidence (*see Matter of Capoccia*, 59 NY2d 549, 551 [1983]). Petitioner and respondents now make motions to confirm and disaffirm the Referee's report, each in part.

Upon our review, we confirm the Referee's report with respect to the charges and we further find that respondents should be found guilty of the following professional misconduct. Respondents engaged in fraudulent conduct prejudicial to the administration of justice and made frivolous claims in a proceeding on behalf of a client, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) and DR 7-102 (a) (2)* (former 22 NYCRR 1200.3 [a] [4], [5], [7]; 1200.33 [a] [2]) (*see Gollomp v Spitzer*, 568 F3d 355 [2009]) (charge two). Respondents failed to cooperate with the Albany County Bar Association in a fee dispute matter (*see* 22 NYCRR 806.6) and with petitioner's investigation of the matter, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (former 22 NYCRR 1200.3 [a] [5]) (charge three). Morgan neglected client matters on behalf of a client in violation of Code of Professional Responsibility DR 6-101 (a) (3) (former 22 NYCRR 1200.30 [a] ■) (charge six, specifications two and three). We grant and deny the motions to affirm and disaffirm the Referee's report in accordance with the above.

In view of all the circumstances presented, we conclude that respondents should be suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court, but we stay said suspensions upon the conditions that, during the period of their suspensions, respondents

---

* The alleged misconduct occurred prior to April 1, 2009, the effective date of the Rules of Professional Conduct.

comply with the statutes and rules regulating attorney conduct, not be the subject of any further action, proceeding or application for discipline or sanctions in any court, and that each respondent complete six credit hours of accredited continuing legal education (hereinafter CLE) in ethics and professionalism in addition to the CLE required of all attorneys. Respondents may apply to terminate their suspensions after two years. Any such application shall include documentation of the required CLE and passage of the Multistate Professional Responsibility Examination by each respondent during the next two years and shall be served upon petitioner, who may be heard thereon.

Mercure, J.P., Peters, Rose, Kavanagh and Garry, JJ., concur. Ordered that respondents are found guilty of the professional misconduct as charged and specified in charges two and three; and it is further ordered that respondent James E. Morgan is found guilty of the professional misconduct as charged and specified in charge six, specifications two and three; and it is further ordered that the motions to confirm and disaffirm the Referee's report are granted and denied in part in accordance with the findings of professional misconduct made in this decision; and it is further ordered that respondents are each suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court, which suspensions are stayed upon the terms and conditions set forth in this Court's decision.