■ In the Matter of DANIEL A. EHRING, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [978 NYS2d 917]—

Per Curiam.

Petitioner moves to confirm a Referee's report as to those charges and specifications that the Referee sustained and to disaffirm the report as to those charges and specifications that the Referee concluded were not proven by a fair preponderance of the evidence (*see Matter of Capoccia*, 59 NY2d 549 [1983]). As relevant here, respondent cross-moves to disaffirm the report as to those charges that were sustained.

We grant petitioner's motion to confirm the Referee's report and deny the motion and cross motion to disaffirm. We find that, in violation of the former Code of Professional Responsibility and the Rules of Professional Conduct,[1] respondent engaged in conduct prejudicial to the administration of justice, withdrew from representation of a client without permission of the court and to the detriment of the client, and failed to comply with the rule regarding the disbursement of funds for missing clients (*see* former Code of Professional Responsibility DR 1-102 [a] [5];

---

1. The alleged misconduct occurred prior to and after April 1, 2009, the effective date of the Rules of Professional Conduct.

DR 2-110 [a] [1], [2]; DR 9-102 [f] [22 NYCRR 1200.3 (a) (5); 1200.15 (a) (1), (2); 1200.46 (f)]; Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4 [d]; 1.15 [f]; 1.16 [d], [e]). More specifically, among other things, respondent failed to cooperate with petitioner's investigation into multiple matters, improperly "discharged" a client without taking measures to avoid foreseeable prejudice to the client's rights and was held in civil contempt by Albany County Surrogate's Court for failing to comply with a subpoena.[2]

Under all of the circumstances presented, and having considered respondent's submissions in mitigation, we conclude that he should be suspended from the practice of law for a period of one year.

Stein, J.P., McCarthy, Rose and Egan Jr., JJ., concur. Ordered that petitioner's motion to confirm in part the Referee's report is granted; and it is further ordered that petitioner's motion to disaffirm in part the Referee's report is denied; and it is further ordered that, to the extent respondent cross-moves to disaffirm the Referee's report, the cross motion is denied; and it is further ordered that respondent is found guilty of professional misconduct as alleged in charge IV, specification 1, charge V, specifications 1, 3 and 4, and charge VII, specification 1, of the petition of charges; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another, and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).

---

2. We recently affirmed the order of Surrogate's Court (*Matter of Claydon*, 103 AD3d 1051 [2013]).