*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 21, 2014                    D-40-14
_____

In the Matter of PAMELA A.
    CROCKETT, a Suspended
    Attorney.

COMMITTEE ON PROFESSIONAL                    MEMORANDUM AND ORDER
    STANDARDS,
                    Petitioner;

PAMELA A. CROCKETT,
                    Respondent.

(Attorney Registration No. 2629574)
_____


Calendar Date:  June 23, 2014

Before:  Stein, J.P., Garry, Rose, Egan Jr. and Clark, JJ.

                    _____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Michael K. Creaser of counsel), for petitioner.

        Pamela A. Crockett, Lanham, Maryland, respondent pro se.


                    _____


Per Curiam.

        Respondent was admitted to practice by this Court in 1994.
She was admitted to practice in Maryland in 2004, where she
maintains an office for the practice of law.

        By petition dated October 4, 2013, petitioner charged
respondent with 10 charges of professional misconduct alleging
neglect of a client matter and failure to provide competent
representation (see former Code of Professional Responsibility DR
6-101 [a] [former 22 NYCRR 1200.30 (a); Rules of Professional

Conduct [22 NYCRR 1200.0] rules 1.1 [a], [b]; 1.3 [b]),[1] failure to communicate with her client (see former Code of Professional Responsibility DR 1-102 [a] [5] [former 22 NYCRR 1200.3 (a) (5)]; Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.4, 8.4 [d]), improper handling and conversion of the settlement check and funds (see former Code of Professional Responsibility DR 1-102 [a] [4], [5], [7]; DR 9-102 [a], [c] [1], [4] [former 22 NYCRR 1200.3 (a), (4), (5), (7); 1200.46 (a), (c) (1), (4)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4  [c], [d], [h]; 1.15 [a], [c] [1], [4]), commingling personal and client funds (see former Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 9-102 [a] [former 22 NYCRR 1200.3 (a) (5), (7); 1200.46 (a)]; Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.15 [a]; 8.4 [d], [h]), failure to maintain complete attorney escrow account records and render accounts (see former Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 9-102 [c] [1], [3]; [d] [former 22 NYCRR 1200.3 (a) (5), (7); 1200.46 (c) (1), (3); (d)]; Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.15 [c] [1], [3]; [d]; 8.4 [d], [h]), failure to produce escrow account records as requested by petitioner (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [i]), failure to comply with the rules regarding the disbursement of funds for missing clients (see former Code of Professional Responsibility DR 9-102 [f] [former 22 NYCRR 1200.46 (f); Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [f]), failure to deposit client funds in an appropriately titled and functioning attorney escrow account (see Judiciary Law § 497; former Code of Professional Responsibility DR 9-102 [b] [former 22 NYCRR 1200.3, 1200.46 (b)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [b]), failure to maintain an attorney escrow account in compliance with appropriate rules (see former Code of Professional Responsibility DR 1-102 [a] [5]; DR 9-102 [b] [1] [former 22 NYCRR 1200.3 (a) (5); 1200.46 (b) (1)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [b] [1]), and

---

[1]    Some of the charges herein involve conduct occurring before and after April 1, 2009, the effective date of the Rules of Professional Conduct, and thus both the Rules of Professional Conduct and the former Code of Professional Responsibility are applicable.

failure to comply with the attorney registration requirements for the 2010-2011 and 2012-2013 biennial periods as required by Judiciary Law § 468-a and Rules of the Chief Administrator (22 NYCRR) § 118.1 (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).

Respondent filed an answer in which she admitted six of the charges in their entirety and made both admissions and denials with respect to the remaining four charges. By order dated March 6, 2014, this Court suspended respondent from the practice of law pursuant to this Court's rules (see 22 NYCRR 806.4 [f]) pending consideration of the disciplinary charges filed against her (Matter of Crockett, 115 AD3d 1051 [2014]). After a hearing pursuant to this Court's rules (see 22 NYCRR 806.5), the Referee sustained the petition in its entirety. Petitioner now moves to confirm the Referee's report. Respondent has not responded to the motion.

We find that a fair preponderance of the evidence supports the Referee's determination and we, therefore, grant petitioner's motion and confirm the Referee's report with respect to the charges in the petition (see Matter of Galvin, 87 AD3d 1223 [2011]). In addition, we find respondent guilty of the professional misconduct as charged and specified in the petition (see Matter of Coleman, 116 AD3d 1219 [2014]).

Turning to the appropriate disciplinary sanction for respondent's serious professional misconduct, we initially note that petitioner has not referenced any prior disciplinary history, and the subject charges primarily concerned only one client who was negligently and incompetently represented. Nevertheless, respondent clearly converted and mishandled client funds, and the record further demonstrates cause for concern relative to respondent's knowledge, ethics and practice in this state. Accordingly, in order to protect the public, deter similar misconduct and preserve the reputation of the bar, we conclude that respondent should be suspended from the practice of law for a period of one year (see Matter of Gallagher, 112 AD3d 1057 [2013]; Matter of Davis, 106 AD3d 1184 [2013]). Furthermore, we direct that, upon any application for reinstatement, in addition to the requirements set forth in our

rules (see 22 NYCRR 806.12 [b]), respondent submit documentation that, during the period of suspension, she has come into compliance with all attorney registration requirements and completed four credit hours of accredited continuing legal education (hereinafter CLE) in ethics and professionalism, four credit hours of CLE in law practice management and four credit hours of CLE in New York practice, all in addition to the CLE required of all attorneys in this state (see 22 NYCRR part 1500).

Stein, J.P., Garry, Rose, Egan Jr. and Clark, JJ., concur.

ORDERED that petitioner's motion to confirm the Referee's report is granted; and it is further

ORDERED that respondent is found guilty of the professional misconduct charged and specified in the petition of charges; and it is further

ORDERED that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court; and it is further

ORDERED that, while so suspended from practice, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).


ENTER:

Robert D. Mayberger
Clerk of the Court