*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015            D-89-15
_____

In the Matter of MADELINE
    SHEILA GALVIN, an Attorney.

COMMITTEE ON PROFESSIONAL                 MEMORANDUM AND ORDER
    STANDARDS,                                ON MOTION
                    Petitioner;

MADELINE SHEILA GALVIN,
                    Respondent.

(Attorney Registration No. 1319680)
_____

Calendar Date:  November 2, 2015

Before:  McCarthy, J.P., Garry, Rose, Devine and Clark, JJ.

_____

        Monica A. Duffy, Committee on Professional Standards,
Albany (Sarah A. Richards of counsel), for petitioner.

        Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott W. Bush of
counsel), for respondent.

_____

Per Curiam.

        Respondent was admitted to practice by this Court in 1974,
and currently maintains an office for the practice of law in the
Town of Bethlehem, Albany County.

        By decision and order entered September 22, 2011, this
Court suspended respondent from the practice of law for a period
of two years, but stayed the suspension on certain conditions,
including that respondent, among other things, complete an
additional six credit hours of accredited continuing legal
education (hereinafter CLE) in ethics and professionalism (87

AD3d 1223, 1224 [2011]).[1]  The order further provided that any application by respondent to terminate the stayed suspension be accompanied by proof that she passed the Multistate Professional Responsibility Examination (hereinafter MPRE) "during the next two years" (id. at 1224)

Petitioner now moves for an order vacating the stay of respondent's suspension and suspending her from the practice of law based upon her failure to timely complete all conditions required by this Court's order, as well as her failure to herself move to terminate the stayed suspension.  Respondent opposes the motion, explaining that physical and cognitive injuries sustained in a July 2012 motor vehicle accident have prevented her from taking and passing the MPRE at this time so that she could successfully seek to end the stayed suspension.[2]  Notably, respondent has submitted an uncontradicted affidavit from her treating physician indicating that the "significant symptoms" from her back injuries and postconcussive syndrome currently prevent her from sitting down for an examination at this time, even with significant accommodations.

Under these circumstances, we deny petitioner's motion. However, in the interest of justice and with due regard to our responsibility to protect the public, deter similar misconduct and preserve the reputation of the bar, we extend respondent's stayed suspension for a period of one additional year, effective upon entry of this order (see generally Matter of

---

[1]  The order also referenced sustained charges of professional misconduct against respondent's husband and law partner, James E. Morgan, which are not at issue herein. Notably, by order entered May 8, 2014, this Court suspended Morgan from the practice of law for a period of one year (Matter of Morgan, 117 AD3d 1230 [2014]).

[2]  Assuming arguendo that petitioner correctly alleges that respondent's May 2014 completion of her additional CLE requirements was untimely, we will disregard any failure in that regard given the undisputed proof regarding respondent's health difficulties during the relevant time.

Mendelson, 46 AD3d 1212, 1213 [2007]). This stayed suspension is upon the conditions that, during the period of the extended stayed suspension, respondent comply with the statutes and rules regulating attorney conduct, not be the subject of any further action, proceeding or application for discipline or sanctions in any court, and take pass the MPRE. Should respondent be the subject of any further disciplinary action during the period of her stayed suspension or fail to complete the MPRE requirement imposed herein, petitioner shall be entitled to move for an order lifting the stay. If, upon expiration of the one-year suspension, the stay issued herein remains in effect, respondent shall apply to this Court for termination of the stayed suspension. Any such application must include proof of respondent's successful completion of the MPRE requirement imposed herein and must be served upon petitioner, which may be heard thereon. Failure to timely move for termination of the stayed suspension upon expiration thereof may constitute a violation of the conditions imposed herein.

McCarthy, J.P., Garry, Rose, Devine and Clark, JJ., concur.

ORDERED that petitioner's motion is denied; and it is further

ORDERED that respondent's suspension from the practice of law is continued for a period of one year and until further order of this Court, effective immediately, which suspension is continued to be stayed upon the terms and conditions set forth in this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court