Matter of Convisser (2025 NY Slip Op 04293)

Matter of Convisser

2025 NY Slip Op 04293

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

PM-157-25
[*1]In the Matter of Claude David Convisser, a Suspended Attorney. (Attorney Registration No. 4330775.)

Calendar Date:May 5, 2025

Before:Garry, P.J., Egan Jr., Clark, Aarons and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Claude David Convisser, Charlottesville, Virginia, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2005 and last listed a business address in Virginia. Respondent was suspended from practice by September 2024 order of this Court, however, for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2020 (230 AD3d 1498, 1504 [3d Dept 2024]). In February 2025, respondent moved this Court for reinstatement and leave to thereafter resign. In those motion papers, however, respondent disclosed for the first time that, in July 2010, he had been both suspended for one year, with such suspension deferred, and publicly reprimanded by the Supreme Court of New Mexico for misconduct that included the unauthorized practice of law and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation (148 NM 732 [2010]). Respondent's disclosure likewise revealed the existence of similar discipline imposed in other jurisdictions as a consequence of his New Mexico misconduct, including sanctions imposed by the US Court of Appeals for the District of Columbia Circuit and the District of Columbia Court of Appeals. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) accordingly now moves to impose discipline on respondent as a consequence of his New Mexico misconduct, and respondent submitted his opposition, wherein he also sought, in part, the withdrawal of his motion for reinstatement and for leave to resign for nondisciplinary reasons, which withdrawal request was granted. AGC was heard in reply to respondent's opposition to its motion and respondent, citing misstatements in AGC's papers, has submitted a surreply.
Respondent's discipline in New Mexico arose out of a series of events concerning the estate of a decedent benefactor who had been the founder of two organizations in New Mexico (see 148 NM at 736). Respondent solicited the benefactor's sister to pursue claims against the estate's personal representative, alleging that the personal representative had mishandled the estate (id.). While the sister ultimately declined respondent's representation, respondent was not licensed to practice law in New Mexico at the time he communicated with the sister; although he was licensed to practice law in Virginia, he was on an inactive status that did not permit him to practice law (id.). Respondent thereafter met with the personal representative, whom he threatened with legal action, including the representation that respondent had secured claimants who were willing to sue the personal representative for his purported mishandling of the estate (id.). Respondent later sent the personal representative emails offering to settle the matter on behalf of unnamed claimants and further indicated that respondent had, in good faith, presented to the personal representative the claims of at least one client (id.). Later, respondent wrote to the New Mexico Attorney General, asking that an investigation [*2]and legal action be taken as to the board members of the decedent's organizations and, in support of his request, respondent included the unsigned affidavit of an individual. While a statement at the top of the affidavit indicated that the individual had not reviewed the affidavit, respondent represented in his correspondence that the affidavit contained a summary of statements that had been made to him (id.). It was later revealed, however, that the individual never discussed with respondent his intention to attach the affidavit to the correspondence to the Attorney General, and that the affidavit contained numerous statements that the individual either did not make or set forth information of which she had no knowledge (id. at 736-737).
Based on the foregoing, a hearing was held and a Disciplinary Board hearing committee ultimately concluded that respondent had engaged in the unauthorized practice of law (see New Mexico Rules of Prof Conduct rule 16-505 [a]) and in conduct involving dishonesty, fraud, deceit or misrepresentation (see New Mexico Rules of Prof Conduct rule 16-804 [c]; 148 NM at 737). Having agreed with the hearing committee that respondent had violated two provisions of that state's Rules of Professional Conduct, the Supreme Court of New Mexico determined that an appropriate sanction was a one-year suspension and public reprimand, but it ultimately stayed the suspension upon the condition that respondent not engage in any further misconduct (148 NM at 746-747).
At the outset, we acknowledge that respondent raises various arguments and defenses, some of which fall under the available defenses contained within Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b), and others that do not. We reiterate that, "absent a respondent's successful invocation of one of three specifically enumerated defenses, this Court is authorized to afford collateral estoppel effect to the findings of professional misconduct made by certain foreign jurisdictions and to impose discipline upon the respondent in this state as a consequence" (Matter of Yiheng Lou, 206 AD3d 1221, 1223 [3d Dept 2022]). Accordingly, to the extent that respondent seeks to argue that certain choice of law provisions should apply to the instant proceeding and to relitigate the factual findings and credibility assessments made in the New Mexico disciplinary proceeding, among other arguments, we find that he is unable to do so in this proceeding (see Matter of Ambe, 182 AD3d 695, 696 [3d Dept 2020]). As to those arguments of respondent which can be construed as falling within the ambit of our Rules, we conclude that respondent has not established any of the available defenses. A review of the record indicates that respondent's disciplinary proceeding in New Mexico provided him with notice and an opportunity to be heard, including a hearing and multiple opportunities for review (see Matter of Sklar, 167 AD3d 1142, 1143 [3d Dept 2018]). Similarly, while respondent argues that [*3]there was an infirmity of proof in the New Mexico disciplinary proceeding, we find that detailed findings of fact and credibility assessments made by the hearing committee, and later adopted by the Supreme Court of New Mexico, fully establish that respondent engaged in the unauthorized practice of law and in conduct involving dishonesty, fraud, deceit or misrepresentation. As to respondent's arguments that the Supreme Court of New Mexico applied an incorrect standard of proof in the disciplinary proceeding, that Court's decision reflects its consideration of his arguments on this point, and it applied a preponderance of the evidence standard, which would be the same standard applied in this state were we to adjudicate his conduct in the first instance (see Matter of Capoccia, 59 NY2d 549, 552 [1983]; Rules for Atty Disciplinary Matters [22 NYCRR] §§ 1240.7 [d] [2] [v]; 1240.8 [b] [1]). Lastly, we find that the established rule violations in New Mexico would constitute misconduct if committed in this jurisdiction (see Rules of Prof Conduct [22 NYCRR 1200.0] rules 5.5 [a]; 8.4 [c]). Accordingly, we see no reason to reject the findings of the Supreme Court of New Mexico and next turn to the question of what discipline should be imposed for respondent's established misconduct (see Matter of Chang, 232 AD3d 1197, 1199 [3d Dept 2024]).
"While this Court may consider the sanction imposed by a foreign jurisdiction, we are not obliged to impose that same sanction" (Matter of Hediger, 230 AD3d 847, 850 [3d Dept 2024] [citations omitted]). On this point, we note that a portion of the sanction respondent received in New Mexico — a stayed suspension — is not an authorized form of discipline in this jurisdiction (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.2 [b], [c], [g], [k]). In aggravation, AGC cites, among other things, respondent's failure to timely disclose the imposition of discipline in New Mexico and the discipline incurred in other jurisdictions as a consequence of same (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]; see also Rules of App Div, 3d Dept [22 NYCRR] former § 806.19) and that respondent's response fails to acknowledge the wrongful nature of his conduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [g]). In mitigation, respondent notes, among other factors, that the misconduct in New Mexico did not result from a client complaint or involve any injury to a client; that the Virginia State Bar declined to impose discipline upon him following his New Mexico misconduct; and that he demonstrates good character and reputation (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [g]). Based on all of the facts and circumstances, we censure respondent (see Matter of Winograd, 184 AD3d 1073, 1075 [3d Dept 2020]; see also Matter of Aviles, 152 AD3d 27, 30-31 [1st Dept 2017]; Matter of Block, 116 AD3d 163, 164-166 [1st Dept 2014]).
Garry, P.J., Egan Jr., Clark, Aarons and Pritzker, JJ., concur[*4].
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.